Spencf.R, Ch. J.,
delivered the opinion of the court. The only question in this case is, whether due notice was given oí *33 the non-payment of the note by the maker, so as to charge the defendants, who are the executors of the endorsor.
It is not denied, that the plaintiffs, the holders of the note, gave all the notice in their power to give, when the note fell due ; notice was left at the last residence of the endorser, another notice was left with his reported agent, and another was sent to the residence of his f.uudy in the country, through the pqst-olliee. But it is insisted, that the endorsor being, in fact, dead when the note fell due, although the fact was unknown until some months afterwards, notice should have been given to his executors. It appears, that the note became due on the 22d of Dtcnnber, 1815, that Birch sailed from New-York on the 17th of Nnwinber, 1H 3, on a voyage to Tnu-riffc, and died at sea, on the 12th of December following; that his will was proved, and letters testamentary granted thereon, on the 22d of April, 1816, and that his death was not known at JNew- York until the last oí March, 1816. No notice was given to the executors of the non-payment of the note.
The case of Stewarts v. The Executors of Eden, (2 Caines’s Rep. 121.) governs and decides this case. In that case, the note fell due on the 8th of November, 1798, the endorsor, Medcef Eden, died on the 13th of September, 1798; and it *was held by the court, that notice directed to the endorsor himself, and left at his dwelling house, which was shut up, was good notice. Mr. Justice Livingston, in delivering the opinion of the court, observed, “ nor was it fatal to direct the notice to the endorsor himself, for as it was not known, whether he had made a will, nor who his executors were, until long after, it was full as probable, that it would reach the parties interested by this address, as by any other; some one of the deceased’s family would open it, or see it safely delivered to an executor ; the notice, therefore, was well served, and its address proper.”
It an endorsor be dead, at the maturity of a note, and there be executors, or administrators, at that time, known to the holder, notice must be given to them, for they represent the testator, or intestate, and are as fully entitled to notice as he would be, if alive. But it is a novel principle, unsupported either by precedent or authority, that notice is to be given to the representatives of the endorsor, and who become such long after the note has fallen due. The rights of the holder of a note or bill, are to be determined by his acts, when the note or bill becomes due : and if he then gives such notice, as under the existing state of facts the law requires of him, his rights are fixed, and he cannot be required to superadd any other notice, at a future period. In the case cited, no notice had been given to the executors, and we perceive, that the notice delivered at the dwelling house of the deceased endorsor, was pronounced to be well delivered.
We have not been furnished with the pleadings, and, there *34 fore, cannot notice any suggestions, that the proof did not correspond with the averments in the declaration ; nothing is referred to us, but the single point, whether due notice was given to the endorsor.
Judgment for the plaintiffs.