GReen, J.
delivered the opinion of the court.
The intestate of the plaintiff in error, Abram M. White, .was the first endorser, on a note for $2,100, drawn by Moses P. White and payable at the Planters’Bank the 11-14th of July, 1839, and dated the 11th of March preceding. A. M. White, died the 22nd of May, 1839, and at the June term following, of the Williamson county court, the plaintiff in error was qualified as his administratrix.
The note was protested for non-payment, and notice thereof, addressed to A. M. White, at Franklin, his late residence, was deposited in the Post Office at Nashville in due time. The notary public, who gave the notice, knew nothing of the death of White at the time the note fell due, nor is there any evidence, that any of the directors of the Bank knew this fact.
The only question in the case is, whether the notice addressed to the endorser, after his death, is sufficient to fix his representative. There is no doubt, but that notice should be given the executor or administrator of a party who is dead. Chitty on Bills, 629. But if there be no executor or administrator, notice sent to the residence of the deceased party’s family is sufficient, (Chitty, 529, note K.) and if there be an executor or administrator, but their existence be not known to the holder, notice addressed to the endorser, at the residence of his family is sufficient. 17 John. Rep. 25-27.
The executor or administrator, having possession of the papers of the deceased endorser, and interested to know the state of his affairs, would take letters addressed to him, out of the Post Office, and thus, at least, for some months after his death, be as likely to obtain information communicated under his address, as though it had been addressed to the administrator himself. And when we consider the impossibility, that knowledge of the qualification of an administrator, should exist at a great distance from the residence of the parties for several months afterwards, it would be absurd to requre that notice should be addressed to him, whether this knowledge existed or not. To do so, would be to cripple the circulation *115 of commercial paper, without conferring any benefit upon the the estate of the endorser.
In this case the jury have found, under a proper charge of the court, that the holder had no knowledge of the qualification of the administrator. Let the judgment be affirmed.