By the Court, Cowen, J.
This case was, I think, properly distinguished by the court below from the two cases relied upon by the counsel for the plaintiffs in error. (Stewart v. Eden, 2 Caines’ Rep. 121; Merchants’ Bank v. Birch, 17 John. 25.) In the first of those cases it was not known to the holders that the endorser had made a will; in the second it was not even known to them that he was dead.(a) Here, on the contrary, the plaintiffs not only had notice of his death, but that he had made a will which was on record in the very village where the bank was, and where the cashier to whom the notice was given resided. The notice too was communicated under circumstances incompatible with the supposition that he could have forgotten it without gross inattention, if the witness who informed *239 Rim is to be believed, as he must be, for he was called by the plaintiffs. Notice of a will, and that it had been-proved, was entirely equivalent to direct information that the estate was duly represented either by executors or by an administrator cum testamento annexo. Without one or the other, the will could not have been proved, unless there had been a very strange departure from the ordinary course. I think that, under these circumstances, the omission to enquire and give direct notice to the executors was inexcusable.
It follows that service of the notice by putting it in the post office, directed to the deceased, was, of itself, bad service.
It then behoved the plaintiffs to show that the defect was cured. That might have been done by proving that the notice reached or came to the knowledge of the executors within the time which would have ordinarily elapsed had the notice been addressed to them. But there was no proof that either of them had' any intimation of the notice having been sent till after that time.
If the acts of obtaining time and promising payment by two of the executors had stood alone, the question would have arisen whether that was not prima facie evidence of the notice being regular. So of the part payment by one of them. But the plaintiffs had themselves shown a defective notice. This left no room "for the presumption. (Tebbetts v. Dowd, 23 Wend. 397.)(b)
This renders it unnecessary to enquire whether the acts and admissions of the two executors were receivable to affect all three. That they were not, was, however, I think, virtually decided in Hammon v. Huntley, (4 Cowen, 493,) approved in Forsyth v. Ganson, (5 Wend. 558, 561,) and M’Intire v. Morris’ adm’r. (14 id. 90, 97, 98.) The first case was the admission of a balance by two executors out of three, and, hr the second, one out of several administrators had admitted the whole case. In both the admissions were excluded as incompetent. It is *240 .said in Hammon v. Huntley, that an' admission by one will take'the'case out of the statute of limitations; and the waiver of a regular notice is now likened to that in principle; : The remark in Hammon v. Huntley was obiter, and the right of an executor .to do even thus much is not perhaps to be taken for .granted. The contrary was held in Peck v. Botsford, (7 Conn. Rep. 172,) after a good deal of consideration. Indeed, it. was denied that the admission of all the personal representatives ■ •could take the case out of the statute, and Thompson v. Peter, (12 Wheat. 565,) which held this,, was cited with 'approbation. In Shewen v. Vanderhorst, (1 Russ. & Mylne, 347,); it was held, that on a bill to account, though the executor refused to •object .the statute in the master’s office, the legatee might do it: The contrary of these cases was held in Emerson v. Thompson, (16 Mass. R. 429.) The case of Hord’s adm’rs v. Lee, (4 Monr. 36, 37, 38,). decided' that the admission of one administrator would take away the statute as to both. Very strong reasons are. there given for receiving his admissions of an original debt, while in Ciples v. Alexander’s admr., (2 Const. Rep. So. Car. 767,) it is denied that the admission of all can he received for such á purpose. In Faunce v. Gray, (21 Pick. 243, 245,) it is, how-’ever, broadly laid down, that “ the confessions of executors and administrators are competent evidence against themselves in any suit by or - against them in their representative character.”. ( And see Atkins v. Sanger, 1 Pick. 192, and Hill v. Buckminster, 5 id. 931.) The American cases, so far as'I have searched, thus leave • the question very much vexed ;• and the reasoning-of Mills, J. in the case cited from 4 Monr., seems to raise á serious doubt whether ■ denying the power of personal representatives, of any one of several, to admit or to act in respect to any matter which'concerns the estate, be not equivalent to-saying that they are mere naked agents. They are clearly a good deal more. • It has been often held that, they aré trustees with' more than • the' ordinary • .powers, incident to that character.; fór -one may sell or convert .the whole estate without the consent of the other. The Tfoglish cases, as far. as they have spoken, appear to be against receiving the admission of one executor to affect the others, even so far as *241 to take the case out of the statute. In Atkins v. Tredgold, (2 Barn. & Cress. 23,) Holroyd, J. said, there must be a joint promise by the defendants as executors; and in Tullock v. Dunn, (Ry. & Mood. N. P. Rep. 416,) Abbott, Ch. J. nonsuited the plaintiff, though two out of three had admitted the debt within six years, and one of the two had expressly promised to pay it. He said that, to take a case out of the statute, there must be a joint promise by all the executors. Even if the acts and admissions of the two executors would be available in the case before us, supposing them to be the only defendants, and admitting the dictum in my reports to be sound, yet I suspect we should hardly be warranted, on the balance of authority, in extending it to acts or confessions for any purpose other than to take the case out of the statute of limitations.
The point is made that notice to one executor is sufficient as to all. But it seems to have been taken for granted on the trial that no strictly regular notice was given to either of the executors. Neither of the notices addressed to the testator appears to have come to the knowledge of any one of the executors in due time. The notice to Hotchkiss, the endorser, who was also one of the executors, if served so as to charge him personally, would have raised the question. But the notice to him was irregular. Though he resided in Auburn, instead of sending the notice to his dwelling-house or place of business, it was put into the post-office. Where the endorser resides in the same village or town as the holder, service through the post-office is irregular. (Ransom v. Mack, 2 Hill, 587.) (c)
On the whole, I am of opinion that the judgment should be affirmed.
Judgment affirmed.

 See per Nelson, Ch. J. in Willis v. Green, (ante, p, 234.)

 See Willis v. Green, (ante, p. 232.)

 S. P., Sheldon, ex'r &c. v. Benham, (4 Hill, 129.)