ASA GOODNOW *vs.* WILLIAM W. WARREN & another, administrators.

Suffolk. Nov. 15, 1876. — Feb. 19, 1877. AMES & LORD, JJ., absent.

Notice, to the person named in a will as executor, of the non-payment of a promissory note indorsed by his testator, which became payable after the will had been offered for probate and letters testamentary applied for, and before the executor named declined to accept the trust, is sufficient to charge the estate; but such notice of

the non-payment of a note which matured after the executor had renounced the trust and a special administrator had been appointed, is not sufficient, although no public notice of the latter's appointment had been ordered or given.

CONTRACT on three promissory notes made by Wales R. Stockbridge, and indorsed by Samuel Gregg, the defendants' testator. Writ dated January 19, 1875. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

Samuel Gregg, of Boston, died on October 25, 1872, leaving a will and codicil. In the codicil Wales R. Stockbridge, of Cambridge, and Edward P. Tileston, of Quincy, were named as executors of the will and codicil, and on October 30, 1872, applied to the Probate Court of the county of Suffolk for letters testamentary to be issued to them thereon; and, by order of that court, notice of the application, stating, among other matters, that Wales R. Stockbridge and Edward P. Tileston were named in the codicil as the executors of the will and codicil, was duly published on November 2, 7 and 14, 1872, and proof of such publication was made in the Probate Court on November 18, 1872. On December 30, 1872, Stockbridge and Tileston refused to accept the trust of executors, and, on the same day, Fisher Ames was appointed by the Probate Court special administrator of the estate of Gregg, and his account of his doings as such special administrator was allowed by the Probate Court on March 3, 1873. No public notice of the appointment of Ames was ordered or given. The defendants on January 11, 1873, applied to the Probate Court to be appointed administrators, with the will annexed, of the estate of Gregg, and notice of such application was thereupon ordered and published on January 16, 22 and 29, 1873, and proof of such publication having been duly made in the Probate Court, the defendants were appointed administrators, with the will and codicil annexed, of the estate of Gregg, on February 17, 1873.

There was also evidence tending to prove that the notes declared on severally became due on November 14, 1872, December 4, 1872, and on February 15, 1873; that demands were duly made on the maker, who refused to pay, and that notices of such demand and non-payment were sent, by a notary public, in due season to Wales R. Stockbridge, and received by him.

There was evidence tending to prove that Gregg practised his profession of a physician in Boston for between thirty and forty years, and that his residence and office during nearly all of that period was at No. 35 Howard Street, Boston; that he had no other residence or place of business in Boston during that period, or at the time of his death, which occurred at Amherst, Massachusetts, while he was there for a few weeks receiving medical treatment; that, on the days when the notes declared on became severally payable, it was known by the plaintiff and by the notary public that Gregg's last, usual and only residence and place of business in Boston, during his life and at the time of his death, was at said 35 Howard Street; that the appointment of Ames as special administrator, and the resignation of Stockbridge and Tileston as executors, were not known to the plaintiff, and there was no evidence tending to prove that either of these facts were known to the notary public.

The judge ruled that if, within twenty-four hours after due demand of payment and non-payment of the notes declared on, notices of such demand and non-payment were sent to Stockbridge, the defendants and the estate of Gregg were liable in law for the amount of the notes and interest from the times when they were severally payable, by reason of Gregg's indorsement of the same. The jury returned a verdict for the plaintiff for the amount of the three notes and interest thereon; and the defendants alleged exceptions.

*T P. Proctor*, for the defendants.

*J B. Richardson*, for the plaintiff.

DEVENS, J. All the notes in suit matured after the decease of Samuel Gregg, the defendants' intestate. The two first became due after the will of Gregg had been offered for probate and letters testamentary had been applied for by the executors named therein, but before the time had expired within which notice upon such offer and application had been ordered by the Probate Court. Subsequently to the time when such order of notice was returnable, the executors named declined to accept the trust, and Fisher Ames was then appointed special administrator of the estate of Gregg, and was acting as such when the third note matured and when notice of the non-payment thereof was given to Stockbridge, one of the executors named in the will.

When an indorser of a note has died and the holder seeks to render his estate liable, even if there is no executor or administrator, it is still the duty of the holder to use all reasonable diligence that those interested in the estate may be promptly informed of the demand. It has been held that if notice be sent to the last residence or last place of business of the deceased, it is sufficient to render his estate responsible, as it may reasonably be supposed that it will thus reach those interested in it. *Merchant's Bank* v. *Birch*, 17 Johns. 25. *Linderman* v. *Guldin*, 34 Penn. St. 54.

Where an executor has been named in a will, as he is the person to whom the testator has confided the administration of his estate, such notice may also be properly given to him, and it may fairly be expected that the benefit to be anticipated will be at least as great as if it were left at the last residence or place of business of the testator. It is true that such a person may never be actually appointed executor by the Probate Court, or that he may renounce the trust; but as the only object of leaving the notice at the last residence is that the facts therein stated may come to the knowledge of those whose duty it is to protect the estate, it is not to be expected that any person can ordinarily be found there upon whom this duty will rest more strongly than upon one who is named as executor in the will. *Shoenberger* v. *Lancaster Savings Institution*, 28 Penn. St. 459.

In *Mathewson* v. *Strafford Bank*, 45 N. H. 104, it was held that such a notice to a person who was afterwards appointed administrator was not sufficient to charge the estate of the deceased; but at the time the person by whom it was received occupied no such relation to the estate that he was either honorably or in legal duty bound to do anything for its protection.

When the notices of the dishonor of the first two notes were received, there was no proper representative of the estate of Gregg. Stockbridge, although the maker of the notes, more nearly represented it than any other person, except his co-executor named in the will, (who, with himself, was then an applicant for letters testamentary under it,) and it was correctly ruled that the facts which the evidence tended to show would in legal effect render the estate of Gregg liable upon his indorsement.

Different considerations apply to the notice as to the non-payment of the third note. This note fell due between forty and fifty days after the will of Gregg had been admitted to probate and the executors named had renounced the trust and after Ames had been appointed special administrator. Although no public advertisement had been made by Ames of his appointment, there had been public advertisement of the application of the defendants to be appointed administrators, with the will annexed, on the estate of Gregg. The deceased was known by the plaintiff and the notary to have been a citizen of Boston, and all these facts would readily have been ascertained on inquiry.

It is the duty of the holder of the note, where there is an executor or administrator known to him, or who may be known to him on his using reasonable diligence, to notify him of the dishonor of the note on which the holder seeks to render the estate of the deceased liable. *Oriental Bank* v. *Blake*, 22 Pick. 206. *Massachusetts Bank* v. *Oliver*, 10 Cush. 557. *Cayuga County Bank* v. *Bennett*, 5 Hill, 236. Interpreting the instruction of the learned judge as only authorizing the jury to find upon the facts which the evidence tended to prove that the estate of Gregg was liable, it was still erroneous. These facts show that, with reasonable diligence on his part, the holder could have ascertained that a special administrator had been appointed, who was the proper person to receive notice of the dishonor of the note for which it was sought to render the estate of Gregg liable. He was not justified in presuming, without inquiry, that the executors named had been appointed and had accepted the trust, and in sending the notice to one of them.

*Exceptions sustained as to third note only.*