[No. 15006. Department One.—July 25, 1893.]

## L. P. DREXLER, RESPONDENT, v. P. J. McGLYNN ET AL., EXECUTORS, ETC., APPELLANTS.

PROMISSORY NOTE — INDORSEMENT — NOTICE OF DISHONOR TO EXECUTORS — MISDESCRIPTION. — A notice of dishonor of a promissory note may be given in case of the death of the indorser to those whom he has appointed as executors by his will, though not yet appointed as such by the court, and it is sufficient if such executors receive notice of the dishonor, though misdescribed in the notice as administrators of the estate of the indorser.

ID. — ADDRESS OF NOTICE — REPRESENTATIVES OF DECEASED PERSON. — A notice of dishonor given to the representatives of a deceased person need not be addressed to them in their representative character.

ID. — NOTICE BY AGENT. — A notice of dishonor may properly be given by an agent, and the agent may give the notice in his own name.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for Appellants.

The judgment against the executors is wrong, as it does not appear from the evidence that due or any notice of the alleged demand upon, or non-payment by the maker of the note sued on, was given to either of said defendants (Civ. Code, secs. 1373, 3144, 3145, 3148; Daniel on Negotiable Instruments, sec. 1000; 3 Randolph on Commercial Paper, pp. 244, 275; *Mathewson* v. *Strafford Bank,* 45 N. H. 105; *Cayuga Co. Bank* v. *Bennett,* 5 Hill, 236); nor does it appear that the plaintiff at the commencement of the action was the owner and holder of the note. (Civ. Code, sec. 3131.)

*Henry K. Mitchell,* for Respondent.

The protest of the notary proves *prima facie* that notice was given. (Pol. Code, sec. 795; Civ. Code, secs. 3144, 3145, 3148.) The notice was properly given to the defendants in this case and was valid. (Civ. Code, secs. 1373, 3145; 2 Rapalje & Lawrence's Law Dict., 1106; *Goodnow* v. *Warren,* 122 Mass. 79; 23 Am. Rep. 289; *Mathewson* v. *Strafford Bank,* 45 N. H. 101; *Shoenberger's Executors* v. *Lancaster Sav. Inst.,* 28 Pa. St. 466.)

PATERSON, J.—This is an action against the defendants as executors of the last will and testament of James M. Donahue, deceased, upon a promissory note indorsed by their testator September 10, 1889.

The note became due March 10, 1890. Donahue died on the third day of March, 1890, leaving a will in which the defendants were named as executors, and which was filed in the superior court on the eleventh day of March, 1890.

It is claimed that the estate is not liable because no proper notice of protest was given, but we think the point is not well taken. The notice was addressed to "Messrs. Peter J. Mc-Glynn and J. F. Burgin, Jr., administrators of the estate of J. M. Donahue, deceased," and it was deposited in the post-office on the day the note became due. The Civil Code provides that a notice of dishonor may be given, in case of the death of the party otherwise entitled to notice, to one of his personal representatives, or if there are none, then to any member of his family, and if there be no family, it must be mailed to his last place of residence. (Sec. 3145.) Appellants contend that, inasmuch as the defendants had not been appointed by the court at the time the notice was given, they were not personal representatives within the meaning of this statute, and cases are cited holding that notice sent to a person afterwards appointed administrator of an intestate is insufficient. These authorities are not in point. While it is true that the appointment of an executor is only provisional, and requires the approval of the court for the purpose of administration upon the estate of the testator, it is also true that the law allows a man to appoint his executors subject to this approval, and treats them as entitled to the office until they renounce it, and unless for some reason they are incompetent the appointment makes them representatives of the estate "so far as relates to acts in which they are merely passive, such as receiving notice of the dishonor of a note." (*Shoenberger's Executors* v. *Lancaster Sav. Inst.*, 28 Pa. St. 466.) It matters not that the person named in the will may never be actually appointed executor by the court—he may renounce the trust—but as he is the person to whom the testator has confided the administration of his estate, it is regarded as safe to entrust him with the notice. "It is not to

be expected that any person can ordinarily be found upon whom this duty (protecting the estate) will rest more strongly than upon one who is named as executor in the will." (*Goodnow* v. *Warren*, 122 Mass. 82; 23 Am. Rep. 289; 3 Randolph on Commercial Paper, sec. 1245.) The reason for holding that a notice to one named in the will as executor is good is not applicable to the case of one who happens after the notice is given to be appointed administrator, because the latter is neither honorably nor in legal duty bound to do anything for the protection of the estate.

It is claimed, also, that the note was not presented for payment by the holder; that the evidence shows that the note was transferred to the Anglo Californian Bank, which was the holder of the note at the time demand was made.

The certificate of the notary, it is true, states that the note was presented and payment was demanded "at the request of the Anglo Californian Bank, Ld., holder of the original note," but the plaintiff testified that he had been the owner of the note from the time it was made until the day of the trial, and the fair import of the evidence is that the note was given to the bank simply for collection. The notice may properly be given by an agent, and the agent may give the notice in his own name. (3 Randolph on Commercial Paper, secs. 1236, 1237; 2 Daniel on Negotiable Instruments, sec. 991.)

There is nothing in the point that the notice was invalid because it was addressed to the defendants as. *administrator*. The notice need not have been addressed to them in their representative character at all. The actual receipt of the notice is the material thing. (*Beals* v. *Peck*, 12 Barb. 245.) If the defendants actually received the notice, and such is the presumption from the fact of mailing, properly addressed, and postage prepaid, the object of the law has been attained.

We think the court properly overruled the demurrer. The allegation as to protest might have been more specific in its statement of facts, but, as against a general demurrer, it is good.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.