BISHOP & COMPANY *vs.* C. E. WILLIAMS; and HENRY WATERHOUSE and A. S. HARTWELL, Executors of the Will of J. H. WOOD, Deceased.

EXCEPTIONS.

HEARING, SEPTEMBER 25, 1893.    DECISION, DECEMBER 7, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

(1) A written notice by a notary public to the executors of a deceased indorser of a promissory note, describing it, after their qualification as such executors, on maturity, that demand had been made at the place of payment and the note dishonored, and that the holders looked to the executors for payment, is a sufficient presentation of the claim under the probate statute of non-claim.

(2) *Semble*, that the presentment of a claim before the liability of the indorser had been fixed by reason of the dishonor of the note, would not be sufficient under the statute.

(3) Where the note designates a place of payment a presentment for payment at that place is sufficient without personal demand on the maker.

(4) The notice of the notary to the executors need not have stated who the holders of the note were.

(5) An erroneous instruction as to the effect of certain evidence is not ground for a new trial, if the jury would be obliged as a matter of law to find the same verdict on other legal evidence in the case.

(6) The contents of a document being discovered after verdict to be different from what was supposed, is not a good foundation for a motion for new trtal for surprise, if the document was in the party's possession at the trial and known by him to be there.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action on a promissory note which in words and figures is as follows:

"$3000.                              "HONOLULU, Nov. 19, 1891.

"Twelve months after date we promise to pay the order "of C. E. Williams and J. H. Wood three thousand dollars

"in U. S. gold coin at the bank of Bishop & Co. with interest "at 10 per cent. per annum. Value received.

"H. H. WILLIAMS & Co."

Endorsed on back—"C. E. Williams, J. H. Wood."

This note was the property of the plaintiffs by endorsement and delivery. Before maturity J. H. Wood, one of the endorsers, died and the defendants Waterhouse and Hartwell qualified as executors under the provisions of Mr. Wood's will. The other endorser, C. E. Williams, made no answer and judgment was entered against him by default and the case was proceeded with before the Circuit Court, First Circuit, August Term, 1893, to determine the liability of the estate of Mr. Wood on the note. The verdict was for the plaintiffs.

The case comes to us on defendants' bill of exceptions. The first point is on the exception to the Court's refusal to charge the jury as requested by defendants in their 6th prayer for instructions, viz. :

"Nothing said by Mr. Henry Waterhouse to Mr. Damon can hold the executors, not being in writing."

The Court also refused the plaintiffs' prayer for instructions (No. 2) " that the executors could waive the presentation of a claim at any particular time or in any particular form." The evidence shows that Mr. Waterhouse, one of the executors named in the will of Mr. Wood, asked of Mr. Damon, of the banking house of Bishop & Co., to see the note, which Mr. Damon showed to him, and he said it was "all right." Mr. Hustace, cashier of the bank, says this circumstance occurred before the note fell due; that he gave Mr. Waterhouse a statement of the notes held by Bishop & Co. endorsed by J. H. Wood, and, at Mr. Damon's request, got the note out and showed it to Mr. Waterhouse, who said that it would be all right. Mr. Waterhouse says that after he had been legally appointed administrator (26th August, 1892), he went to the bank of Bishop & Co.; that when the note was produced by Mr. Damon he told Mr. Damon he

thought it would be all right; he thought it might be arranged and that Mr. Williams would have to pay it.

We think the instruction was properly refused. There was no attempt made by plaintiffs to hold the executors personally responsible. The statute of frauds requires a writing to hold an executor upon a special promise to answer out of his own estate, and an instruction of the character asked for would tend to confuse the jury. The evidence went in without objection, and its object was to show that the plaintiffs had duly presented their claim against the estate. The Court charged the jury that the statement made by Mr. Waterhouse that "it was all right," is not sufficient in itself to bind the executors, that it to say, to make a new promise to pay this note, but "you may regard it as evidence tending to show that there has been a presentation of the claim to them." The jury were in this way properly instructed that Mr. Waterhouse's statement that it was all right did not bind him as a new promise to pay the debt out of his own estate and we do not perceive that it would have had that effect, even if in writing, and it is unnecessary to decide whether it was evidence of a presentation of the claim, for, as shown below, the demand and notice of the notary public was conclusive evidence of this, and a verdict for the defendant, if such had been rendered, could not stand, even if this instruction had not been given. This leads us to the consideration of the exception by defendants to the Court's granting plaintiffs' prayer for instruction numbered 1—"That the jury may consider the demand and notice by the notary public as evidence of a claim made by Bishop & Co. upon the estate of J. H. Wood." The note fell due Nov. 19, 1892, and on the last day of grace, Nov. 22, Mr. Paty, a notary public, presented it, as his notice of protest states, " at the Bank of Bishop & Co. where it was made payable and payment demanded, which was refused, the said note having been dishonored, the same was this day protested by me for the non-payment thereof, and the holders look to you for the pay-

ment thereof with all costs, charges, interests, expenses and damages thereby already accrued or that may hereafter accrue thereon by reason of the non-payment of said note." This notice was addressed to the "Executors of Estate of John H. Wood," and Mr. Waterhouse admits that he received it a few days after the 20th November when he arrived here from the United States. The jury were told that this was evidence of a claim made by Bishop & Co. against the Estate of J. H. Wood, and they were also instructed that it was a question of fact for them to find whether the notice was sufficient.   The instruction was also excepted to.

After much research we have come to the conclusion that the notice of dishonor and demand for payment made by the notary upon the executors of the will of J. H. Wood, is a sufficient presentation of the claim under our statute of non-claim.

The statute does not prescribe the form in which the claim must be made.   It is sufficient if it apprises the executors definitely of the claim of its character and amount.   5 Encyc. of Law, 217.   It was not required, nor would it be proper, to deposit the note as a voucher with the executors.   The notary may be considered as the agent of the plaintiffs in presenting the claim.   "A notice of the non-payment of a promissory note personally served on the executor of the indorser of the note, or which is shown to have come to his hands, although it may have come from a notary protesting the note, will be sufficient to withdraw the claim from the influence of the statute of non-claim in Alabama, provided, it describes the note with accuracy, and informs the personal representative who the holder is, and that he looks to him for payment."   *Hallett vs. Branch Bank at Mobile*, 12 Ala., 193, 671.   Cited in 5 Encyc. Law, 219.   This case is quite parallel with the one at bar.

It is urged by defendants' counsel that the notice of protest is not sufficient presentation of a claim, because it was only intended to fix the liability of the indorser. We fail to see, even if this was its primary object,

why it cannot also be considered as the presentation of a claim within the statute of non-claim. It afforded them all the particulars of the claim, as to character and amount. It also states a claim that " the holder[s] look to you for the payment thereof," a statement unnecessary to fix the liability of the indorser. *Warren vs. Gilman*, 17 Me., 360. The objection is made that the notice of the notary does not state who the claimant is, but " the notice need not state who is the holder of the bill or note, nor at whose request it is given." 2 Daniel Neg. Instr. Sec. 979 ; *Mills vs. Pres. U. S. Bank*, 11 Wh. 431 ; *Woodthorpe vs. Lawes*, 2 M. & W. 109 ; *Bradley vs. Davis*, 26 Me., 45 ; *Howe vs. Bradley*, 19 Me., 31. *Marshall vs. Perkins*, 72 Me., 346, is authority for the position that when a claimant hands to an executor a written statement containing a full description of a promissory note to which his testator was a party, its date, sum payable, time of payment and parties, and demands payment of him, he has done all the statute requires of him. There can be no doubt, and it is not questioned, that the proper parties to whom notice of dishonor should be given in this case were the personal representatives of the deceased indorser, the present defendants. 3 Randolph, Com. Paper, Sec. 1220 ; *Oriental Bank vs. Blake*, 22 Pick., 206. Our view being that the notary's notice was in law a sufficient presentation of the claim to satisfy the probate law, it was sufficiently favorable to the defendant to leave the question of the sufficiency of the notice to the jury, as was done by the trial Judge. It is not for the defendants to complain of this instruction.

We next consider the exception to granting plaintiffs' prayer for instructions numbered 4, viz.: "That the memorandum given by Hustace to Waterhouse may be considered as evidence of presentation of a claim against the estate of J. H. Wood."

The memorandum testified to by Hustace was not produced before the jury so that its date was not shown with certainty, but it would seem from the evidence to have been presented before the dishonor of the note. A memorandum

showing the particulars of the note in Hustace's handwriting is now before the Court as an exhibit to defendant's motion for a new trial on the ground of surprise. It is dated August 13th, 1892, after Mr. Wood's death and the petition for probate of the will and while Mr. Waterhouse was temporary administrator, but before the note had matured. It is contended that this memorandum is not sufficient in law, because (1) the will was not admitted to probate then, and (2) because it was not a claim against the testator's estate as indorser, the contingency of the maker not paying the note not having arisen, as the note was not then due. We do not consider that, since Mr. Waterhouse, as temporary administrator (being also named as executor in the will which was then filed in Court) had received a full memorandum of the claim, it was essential to present a new one after his formal qualification as executor. See *Goodnow vs. Warren*, 122 Mass., 79. Whether it was a valid presentation, the note not being due, and the liability of the estate not being then fixed, is a more serious question. It is clear by our statute that the failure to present the claim before the note was dishonored, would not be fatal, for the statute only bars claims that are not presented within six months after they fall due, and unless suit is brought within two months after they fall due (if rejected.) There is no distinct authority for the presentation of claims that are contingent, or *before* they fall due. It may be that the presentation of a claim like the one at bar *before* the contingency of dishonor by the maker had happened, and before the note had fallen due, would not be sufficient under our statute. But being of the opinion, that as a matter of law upon undisputed evidence, the notice of the notary was a sufficient presentation of the claim under the probate statute, the jury were bound to find a verdict for the plaintiff upon this, without considering the "memorandum" sent by Hustace. Even though the trial Judge may have instructed the jury erroneously on some points, a new trial should not be granted, because on the whole case, as matter of law, the verdict must have been as rendered, or be

set aside. A new trial could not result in a different verdict.
The defendants asked the following instruction (No. 5):

"The plaintiffs cannot recover of the executors' defendant, unless they show that demand was made on the last day of grace, and within bank hours of the proper officer at the bank of Bishop & Co., for payment of the note, *to be made of H. H. Williams & Co.* It is not sufficient if demand was made for payment of C. E. Williams, as successor of H. H. Williams & Co., and if no demand was made, except for payment of C. E. Williams, the executors of J. H. Wood cannot be held liable."

This was given as above except the underscored portion—*"to be made by H. H. Williams & Co."* The question raised is, whether demand should have been made at the bank upon the maker.

"Where the bill designates a place of payment, and it is accepted generally, it will be sufficient to demand payment at such place without making a personal demand on the acceptor." 3 Rand. Com. Paper, Sec. 1113.

"If a bill be made payable at a particular place, it is not necessary to state a presentment to the acceptor there; it is sufficient to state a presentment at that place." Byles on Bills, p. 218, and numerous English cases there cited.

"Whatever difference there may be in the cases, as to the necessity of a demand at the place specified, it is perfectly clear that, so far as place is concerned, a presentment there by the holder is always sufficient." 1 Parsons, N. & B. p. 434 (Ed. of 1863.)

*Fullerton vs. Bank,* 1 Pet. 604.

*Brent's Exor. vs. Bank, id.* 89.

Upon authority therefore it was not necessary to have demanded payment personally of H. H. Williams & Co., the makers; the demand at the bank was sufficient.

The last exception is to the Circuit Court's refusing a new trial on the ground of surprise, in that since the trial it has been found that the memorandum furnished by Hustace was dated August 13th, 1892, prior to defendants' notice to

creditors and prior to their receiving letters testamentary. But this memorandum was in possession of the defendants all the while and should have been produced by them at the trial and therefore there was no surprise in law, and as we have seen above, there was another valid presentment of the, claim upon which the jury were entitled to find their verdict, and so a new trial is not allowable.

Exceptions overruled.

*F. M. Hatch*, for plaintiffs.

*A. S. Hartwell*, for defendants.