THE BANK OF PORT JEFFERSON, Appellant and Respondent, *v.* CHARLES T. DARLING and THOMAS S. MOUNT, as Executors of the Last Will and Testament of JEREMIAH DARLING, Deceased, Respondents and Appellants.

*Bills and notes — de facto banking corporation — one dealing with it cannot object to its incorporation — when the payee can hold the second indorser — sufficient notice of protest in the case of a deceased indorser — counterclaims — costs against the estate of a deceased indorser, refused.*

Where a corporation has done all the acts requisite to its organization as a State bank, except the filing in a clerk's office within one year of an affidavit of the payment of the whole of its capital stock (the filing not being made by statute a prerequisite to its exercise of corporate power), and commences and continues the usual business of banking, it is a corporation *de facto*, and no persons who have contracted obligations with it can be permitted to attack it because of any defects in its organization, affecting its capacity to bring an action against them upon such obligations.

Objections of this character can only be made upon behalf of the sovereign power of the State, and cannot be raised by private persons to avoid a just liability.

Where a promissory note is made payable to a bank and a person indorses it for the purpose of giving the maker credit with the bank, such person or his estate becomes liable to the bank, notwithstanding the fact that his apparent liability is only that of a second indorser.

Upon the trial of an action brought to recover upon a promissory note made by one Gould, payable to the order of the plaintiff, and indorsed by one Jeremiah Darling, since deceased, in order to give the maker credit with the payee, it appeared that the note became due on the 5th day of February, 1894, and was on that day duly protested against the maker; Darling died on the 18th day of January, 1894, and letters testamentary were issued to the defendants as executors on the 12th day of February, 1894. It further appeared that, at the time of the protest, two notices were sent by the notary who protested the

note, one addressed to "J. Darling" and the other to "the estate of J. Darling," both being inclosed in an envelope and directed to the "estate of J. Darling, Stony Brook, L. I.," which was the place of his residence at the time of his death, but these notices were not received by the defendants. On the 15th day of February, 1894, the cashier of the plaintiff called upon the defendant Charles T. Darling, and, after ascertaining that he was one of the executors, left with him a notice of the protest of the note.

*Held,* that the notice of protest was sufficient, and that reasonable diligence had been shown ;

That it was not improper to direct the notice to the estate of the indorser, as no other direction would have been more likely to bring the notice to his family.

It appeared that when the note became due the maker Gould had a general deposit balance in the bank of $123.78, which the plaintiff on the 15th day of February, 1894, applied to the payment of notes indorsed or made by Gould which fell due after February 14, 1894. The referee to whom the plaintiff's claim was referred deducted such sum from the amount of the recovery.

*Held,* that the plaintiff was entitled to recover in full;

That under the circumstances the plaintiff was not entitled to costs.

APPEAL by the defendants, Charles T. Darling and another, as executors, etc., of Jeremiah Darling, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 8th day of April, 1895, upon the report of a referee.

Also, an appeal by the plaintiff, The Bank of Port Jefferson, from so much of said judgment as refused to award to the plaintiff the sum of $123.78, and also from an order of the Supreme Court, made at the Kings County Special Term and entered in the clerk's office of the county of Suffolk on the 19th day of March, 1895, denying the plaintiff's application for costs and an extra allowance.

*Thos. J. Ritch, Jr.,* for the plaintiff.

*Thomas Young,* for the defendants.

DYKMAN, J. :

The plaintiff in this action presented a claim to the defendants based upon a promissory note of which the following is a copy :

"$2,900.          PORT JERVIS, NEW YORK, *Jan.* 2, 1894.

"Thirty days after date I promise to pay to the order of Bank of Port Jefferson, Twenty Nine Hundred Dollars at the Bank of Port Jefferson. Value received.

"WILLIAM O. GOULD."

Before the note was delivered to the plaintiff, it was indorsed by the defendants' testator, Jeremiah Darling, for the purpose of giving the maker credit with the bank. Darling died on the 18th day of January, 1894, and letters testamentary were issued to the defendants as his executors on the 12th day of February, 1894. The note fell due on the 5th day of February, 1894, and was protested for non-payment on that day, of which the maker was duly notified.

The notices of protest were drawn up by the notary who protested the note and were addressed, one to J. Darling, and one to the estate of J. Darling.

Both notices were inclosed in an envelope, and directed to the estate of J. Darling, Stony Brook, Long Island, his place of residence before he died.

The president of the bank had knowledge of the death of the indorser, but failed upon inquiry to ascertain whether he left any will or had any personal representatives. The notices of protest were not received by the defendants. On the 15th day of February, 1894, the cashier of the bank called upon Charles T. Darling, one of the executors, and after ascertaining that he was one of the executors, left with him a notice of the protest of the note. When the note became due, the maker, Gould, had a general deposit balance in the bank of $123.78, and on February 14, 1894, he deposited $302.40 in such bank without any special direction as to the application thereof.

On the 15th day of February, 1894, the bank applied both of these sums to the payment of notes indorsed or made by Gould, which fell due after February 14, 1894, and checks of Gould drawn by him after such date.

The claim was rejected by the executors and referred to a referee for a determination under the statute. The referee decided in favor of the plaintiff, but deducted the sum of $123.78 from the claim and directed judgment for $2,776.22, with interest. Costs were denied to the plaintiff by the court, and the plaintiff has appealed from the order denying his application for costs and for an extra allowance, and also from so much of the judgment as fails to allow the plaintiff the $123.78 applied by it to the payment of other paper made or indorsed by Gould. The defendants have appealed from the judgment.

The first question presented by the defendants has reference to the corporate existence and capacity of the plaintiff, the contention being that the bank has ceased to exist.

The facts upon which this contention is based are these : In the year 1889 all acts requisite and essential to the organization of a State bank were done by it, except the filing in the Suffolk county clerk's office within the year of an affidavit of the payment of the whole of its capital stock as required by the statute. Such an affidavit was filed with the Superintendent of Banking on the 18th day of July, 1889, and thereupon the bank commenced business, and has continued to do the usual business of banking, such as receiving deposits of money, discounting notes and bills, and making collections.

The bank had many transactions with both Gould and Darling besides the one involved in this case. It was a *de facto* corporation, and neither the defendants nor any other persons, who have contracted obligations with it, can be permitted to attack it because of any defect in its organization in order to affect its capacity to sue thereon. Such objections are only available on behalf of the sovereign power of the State, and cannot be raised by private persons to avoid a just liability. (*McFarlan* v. *Triton Ins. Co.*, 4 Den. 392; Angell & Ames on Corp. § 80; *Bill* v. *Fourth Great Western Turnpike Co.*, 14 Johns. 416.)

The filing of the affidavit in the office of the county clerk of Suffolk county is not made a prerequisite to the assumption and exercise of corporate powers.

The statute itself contemplates such exercise for a whole year before such filing is required. The defendants cannot, therefore, escape liability upon that ground.

The next question has reference to the peculiar form of the note. It is made payable to the bank, and upon the face of the paper itself the presumption would arise that Darling intended only to assume the liability of a second indorser.

For the purpose of overcoming that presumption the plaintiff proved, and the referee found, that before the delivery of the note to the bank the testator of the defendants indorsed the same for the purpose of giving credit to the maker, Gould, with the bank, and that thereafter the bank discounted the note. The defendants'

testator, therefore, became liable to the bank as first indorser of the note.

The defendants further insist that no sufficient notice of protest of the note was given. The facts upon which the question depends for determination have been recited. The demand of payment was sufficient, and no personal notice of the non-payment could have been given, because the indorser was dead. The notice was sent to his place of residence, and although in such cases notice is required to be left at the domicile of the deceased, we are not prepared to hold the notice given in the case to be insufficient. Stony Brook was the domicile of the deceased indorser, and notice was sent there. True, it was directed to his estate, but no other direction would be more likely to bring it to his family. His executors were not known to the bank, and as soon as they were ascertained they were notified.

The law never requires impossibilities. Reasonable diligence is all that is required. No evil has resulted from the course pursued, and the law does not exact every possible exertion which might have been made to effect notice of the dishonor of the paper.

In the case of *Willis* v. *Green* (5 Hill, 232), which was much like this case, it was said in the opinion : " If the notice relied on for that purpose had been sent to the proper place no doubt it would have been sufficient, under the circumstances of this case, though directed to Johnson after his death." (*Stewart* v. *Eden*, 2 Caines, 121 ; *Merchant's Bank* v. *Birch*, 17 Johns. 25.)

Upon reason and authority the notice must be deemed sufficient. In relation to the appeal of the plaintiff, our conclusion is that the sum of $123.78 was improperly deducted from the amount due, and the judgment must be modified by the addition of that sum to the amount thereof. Costs were properly refused to the plaintiff.

The judgment is to be modified in accordance with this opinion, and, as so modified, it is affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment modified by increasing the amount of plaintiff's recovery to $2,900, with interest from February 5, 1894, and, as so modified, affirmed, with costs.