SECOND NATIONAL BANK OF HOBOKEN, NEW JERSEY, RESPONDENT, v. WILLIAM E. R. SMITH, EXECUTOR OF THE LAST WILL AND TESTAMENT OF WILLIAM RUNKLE, DECEASED, APPELLANT.

Argued November 27, 1917—Decided May 3, 1918.

1. When a notary on the due-day of a promissory note presents it at the bank where it is made payable and it is dishonored, and he protests it for non-payment and receives information from the assistant cashier that the endorser is dead, leaving a will appointing an executor, naming him and giving his address, a notice of protest mailed to the endorser by name, in care of the executor, naming him, at his address, is sufficient evidence of reasonable diligence, as required by section 98 of the Negotiable Instruments act (*Comp. Stat., p.* 3746), to be presented to the jury.

2. The rule adopted in some jurisdictions that when requests for the direction of a verdict are made by the parties plaintiff and defendant, all questions of fact are left with the court and are not to be submitted to the jury, has never been adopted in this state; the requests not amounting to a consent that the case be taken from the jury.

3. A holder of a promissory note presented for payment and dishonored, is entitled to rely upon the diligence of the notary in inquiring for the address of a party obligated upon the instrument, and is not affected by want of diligence in the officers of the bank where the note was payable, and of whom inquiry was made.

4. The credibility of a witness is for the jury; and where the issue depends upon the facts the existence of which is not admitted, even though testified to by a credible witness who is unchallenged, the question is for the jury.

5. It is settled that a written notice of the dishonor of a note to the party to be charged, addressed to him properly and put into the post office in due season, amounts to what is termed due diligence even if the notice should never be received by the addressee.

On appeal from the Supreme Court.

For the appellant, *Church & Harrison.*

For the respondent, *Gilbert Collins.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This case is here on appeal from a judgment entered on the verdict of a jury in the Supreme Court, Hudson circuit, involving the validity of the notice of protest of a promissory note.   The note was made by Harry G. Runkle, and endorsed by the late William Runkle in his lifetime.   It was discounted by the plaintiff bank and the proceeds were paid to Harry G. Runkle, the maker.   William Runkle, the endorser, died January 31, 1914, before the maturity of the note, leaving a will in which he appointed William E. R. Smith executor.   Harry Runkle filed a caveat against the probate of this will, and the litigation concerning its validity extended over a period of about two years.   On February 20th, 1914, the Fidelity Trust Company of Newark

was appointed administrator *pendente lite* of the estate of William Runkle, deceased, and letters testamentary were not issued to Mr. Smith until July 19th, 1916. On April 27th, 1914, the note became due, was protested for non-payment, and on the same day a notice of protest was mailed to William Runkle, care of William E. R. Smith, 20 Broad street, New York City.

It is made a ground of appeal that the court should have directed a verdict for defendant "on the ground that reasonable diligence was not had, and that section 98, page 3746, Compiled Statutes, was not complied with." The statute referred to is the Negotiable Instruments act, section 98 of which is as follows:

"When any party is dead, and his death is known to the party giving notice, the notice must be given to a personal representative, if there be one, and if, with reasonable diligence, he can be found; if there be no personal representative, notice may be sent to the last residence or place of business of the deceased."

It is also made ground of appeal that the court did not take the case from the jury and decide it after each side had requested the direction of a verdict. These questions are mutually involved and will be considered together.

The notary who made the protest presented the note to the teller of the plaintiff bank, where it was payable, and received word that it was not good, and then inquired of the assistant cashier where the endorser lived and was told that he was dead, and then asked where he was to send the notice, and the assistant cashier informed him to send it to 20 Broad street, New York City, to William E. R. Smith, who was the executor of Mr. Runkle's will. A copy of the notice of protest, which appears to have been regular, was mailed in due course to the endorser by name, in care of William E. R. Smith, at the address stated, with postage prepaid, which was the address of Mr. Smith.

A case directly in point is that of *Herbert* v. *Servin,* 41 N. J. L. 225, in which it was held:

"Where a notary makes inquiry at the bank where paper is payable, and receives information from the cashier as to the residence of the endorser, upon faith of which the notary addresses the notice of protest, the jury are justified in finding that he has used due diligence."

In the opinion in this case Mr. Justice Reed, speaking for the Supreme Court, observed (at *p.* 227) that in *Barr* v. *Marsh,* 9 *Yerg.* (*Tenn.*) 225 and *Harris* v. *Robinson,* 4 *How.* (45 *U. S.*) 336, the fact that inquiries had been made at the bank was stated to be evidence of diligence in making inquiries.

And inquiry at the bank where the paper is payable is just as efficacious in ascertaining death and the existence of an executor or other personal representative as it is with regard to the residence of an endorser.

In *Goodnow* v. *Warren,* 122 *Mass.* 79, 82, Mr. Justice Devens, speaking for the supreme judicial court, said:

"Where an executor has been named in a will, as he is the person to whom the testator has confided the administration of his estate, such notice may also be properly given to him, and it may fairly be expected that the benefit to be anticipated will be at least as great as if it were left at the last residence or place of business of the testator. It is true that such a person may never be actually appointed executor by the probate court, or that he may renounce the trust; but as the only object of leaving the notice at the last residence is that the facts therein stated may come to the knowledge of those whose duty it is. to protect the estate, it is not to be expected that any person can ordinarily be found there upon whom this duty will rest more strongly than upon one who is named as executor in the will."

When the testimony was closed counsel for defendant moved for the direction of a verdict on the ground stated, namely, that due diligence had not been exercised to ascertain whether the endorser of the note was dead and who was his personal representative. Whereupon counsel for plaintiff observed that on the evidence it seemed to him that this was a court ques-

tion, but not knowing how it impressed the court, if the judge thought it a jury question he would discuss it; but if it were a court question he would complement counsel's motion by a motion for a verdict in favor of the plaintiff—then the judge would have both motions. The trial judge held that a jury question was presented and denied the motions to take the case from the jury, and each side noted an exception.

Counsel for defendant-appellant argues here that where both parties ask for a directed verdict and do nothing more, they thereby assume the facts to be undisputed and request the court to find the facts.

Counsel for plaintiff-respondent argues before us that even assuming that the rule contended for on behalf of defendant, that is, that where both sides move for the direction of a verdict without more, the court is required to find the facts, exists in this state; still, it is inapplicable in the case at bar, because, although the evidence is undisputed, the inferences to be drawn therefrom are in doubt, and that where fair-minded men may honestly differ as to conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue is for the jury.

The question thus raised has been decided in this court. In *Hayes v. Kluge,* 86 *N. J. L.* 657, it was held that the rule adopted in some jurisdictions, that when requests for the direction of a verdict are made by the parties plaintiff and defendant, all questions of fact are left with the court and are not to be submitted to the jury, has never been adopted in this state. And Judge Williams, speaking for this court, said (at *p.* 663) that the fact that both parties moved for a directed verdict did not require the trial judge to direct a verdict, the motions not amounting to a consent that the case be taken from the jury. It follows, therefore, that the trial judge did not err in submitting to the jury the question as to whether the notary used due diligence in ascertaining whether the endorser of the note was dead and who was his personal representative.

Second Nat. Bank of Hoboken v. Smith.    *91 N. J. L.*

It is also made a ground of appeal that the court refused to permit defendant to cross-examine the witness Turbell as to the diligence of the plaintiff in endeavoring to ascertain who was the personal representative of the deceased endorser.

Mr. Turbell was cashier of the plaintiff bank. He testified that he knew that Mr. Smith was Mr. Runkle's executor from seeing his name in the will and knew his place of business to be at 20 Broad street, New York City. On cross-examination he was asked if he became cognizant of proceedings over the will of William Runkle and he replied that he did, that he may have acquired that knowledge through discussion with people in the bank, and it may have been from a newspaper. Asked if he could say that he read about it in a newspaper, he replied "yes," and was then asked if the newspaper that he read was not very near the time the proceedings were filed, and he replied that he could not tell. Here counsel for plaintiff observed that the question was as to the diligence of the notary, and that what the officers of the bank did and what inquiry they made he did not think material. The trial judge observed that the case of *Herbert* v. *Servin, supra,* is authority for the proposition that the reasonable diligence required is that on the part of the notary. Counsel for the defendant stated that it was his contention that it was not only the due diligence of the notary, but that of the bank also; whereupon the trial judge asked for an authority upon that point, and counsel for defendant said he did not think he could indicate any, and counsel for the plaintiff stated that there was none. The trial judge then said that he would sustain the objection on the theory he had stated, and granted an exception.

Taking the view of the trial judge that in this colloquy an objection was made to evidence, which was sustained, the ruling, in our judgment, was right, as the holder of the note was entitled to rely upon the diligence of the notary, and was not affected by any want of diligence in the officers of the bank where the note was payable. Testimony on that question was, therefore, immaterial.

There was one other ground of appeal, namely, that the court erred in admitting, over objection, the notice of protest, proof of the sending and receiving of which was not properly made. There is nothing in this objection. Protest was duly made and proof of its being mailed to the executor named in the will of the deceased endorser was also made. Mr. Pruden, trust officer of the Fidelity Trust Company of Newark, testified that his company, who was the administrator *pendente lite* of William Runkle's estate, received the notice of protest one week after it was sent to Mr. Smith. Mr. Smith testified that he never received it, but said that if it had come to him he would have forwarded it to the Fidelity Trust Company. He knew that that company had been appointed administrator *pendente lite* of William Runkle's estate. It is not shown that it was sent to the trust company by any other person, and the jury had a right to believe that Mr. Smith received and sent it, and that he was mistaken in his assertion that it had not come to him. The credibility of a witness is for the jury. *Clark* v. *Public Service Electric Co.,* 86 *N. J. L.* 144. And where the issue depends upon facts the existence of which is not admitted, even though testified to by a credible witness who is unchallenged, the question is for the jury. *Schmidt* v. *Marconi Wireless Tel. Co.,* 86 *N. J. L.* 183.

But, in order to bind a party to the instrument who is entitled to notice of protest, it is not necessary that notice be actually received by him. It is sufficient if it be properly put *en train* for delivery to him through the mail. Our Negotiable Instruments act of 1902 (*Comp. Stat., p.* 3734) provides in section 104 (at *p.* 3747) as follows:

"Where a person giving and the person to receive notice reside in different places, the notice must be given within the following times:

"1. If sent by mail, it must be deposited in the post office in time to go by mail the day following the day of dishonor, or, if there be no mail at a convenient hour on that day, by the next mail thereafter."

And section 105:

"Where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails."

On the day the note became due and payable it was dishonored and thereupon protested · for non-payment, and on the same day notice of protest was mailed to the maker in care of Mr. Smith, the executor named in the will, at his address at 20 Broad street, New York City, N. Y.; so, even if it miscarried in the mail and never reached Mr. Smith, the notice was possessed of entire legal efficacy by virtue of the statutory provision. And this seems to have been the common law rule on the subject. *Saunderson* v. *Judge*, 2 *H. Bl.* 509. It was long ago settled that a written notice of the dishonor of a note to the party to be charged, addressed to him properly and put into the post office in due season, amounts to what is termed due diligence, even if the letter should never be received. *Bank* v. *King*, 14 *N. J. L.* 45, 47.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.