FIRST NATIONAL BANK OF BELMAR, PLAINTIFF, v. W. H. CARPENTER ET AL., DEFENDANTS.

**Negotiable Instruments—Protest of Note—Notice—Endorser Having Died, Personal Representative Claimed No Notice of Protest Was Sent Him—Notary Did Not Know of Death of Endorser—Cashier of Bank, To Whom He Inquired, Gave Endorser's Address During His Lifetime, to which Notice was Sent, But Did Not Tell Notary of Endorser's Death— Held, that Proper Notice was Given, that the Due Diligence Required by the Act is that of Notary, and Upon that the Holder May Rely—Judgment for Plaintiff.**

For the plaintiff, *Arthur M. Birdsall.*

For the defendant, *Harry V. Osborne,* administrator *pendente lite; Orborne, Cornish & Scheck.*

The opinion of the court was delivered by

JESS, J. This case was tried without a jury. The suit is on two promissory notes made by W. H. Carpenter and endorsed by James G. Barnett. One note is for $2,000, is dated December 8th, 1922, and payable three months after date. The other note is for $3,500, and was payable three months after its date of December 18th, 1922.

Both notes were made payable at the First National Bank of Belmar, New Jersey. The notes were discounted by that bank and the proceeds credited to the account of Barnett, the endorser.

Barnett died on January 14th, 1923, and his wife qualified as his executrix January 29th, 1923.

The notes were duly presented at the bank for payment at the date of their respective maturities. Payment was refused

in each case because of lack of funds, and each note was duly protested. Notice of protest was mailed to the addresses of the maker and endorser.

The administrator *pendente lite* of James G. Barnett denies liability of the estate of his decedent on the two notes, for the reason that notice of their protest was not mailed to the personal representative of the endorser. He relies upon the provisions of section 98 of our Negotiable Instruments act. *Comp. Stat., p.* 3746.

That section reads as follows: "When any party is dead, and his death is known to the party giving notice, the notice must be given to a personal representative, if there be one, and if, with reasonable diligence, he can be found; if there be no personal representative, notice may be sent to the last residence or last place of business of deceased."

Notice of the protest of the notes in suit was not given to the personal representatives of the deceased endorser, Barnett.

The notary, who was the assistant cashier of the Belmar bank, testified that he did not know of the death of Barnett when he mailed the notices of protest; that he inquired of the cashier of the bank and was informed by him that Barnett's address was 63 Lincoln Park, Newark, New Jersey, and that he mailed the notices to that address.

The cashier testified that he had read in a newspaper a report of the death of Barnett before the notices of the protest were mailed. That fact was not brought to the knowledge of the notary.

Upon these facts I find that, in the giving of the notices of the protest, there was a compliance with the requirements of section 98 of the Negotiable Instruments act.

The reasonable diligence required by that section is that upon the part of the notary giving the notice, and upon that the holder of the note is entitled to rely. *Second National Bank of Hoboken* v. *Smith,* 103 *Atl. Rep.* 862.

The plaintiff is entitled to judgment against both defendants for the amount of each note, together with interest and protest fees.