ABE L. MORRIS, RESPONDENT, v. HANS MULLER, APPELLANT.

Submitted May term, 1933—Decided October 19, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Edward Stover.*

For the respondent, *Milberg & Milberg* (*Charles DeF. Besore,* of counsel).

PER CURIAM.

The action in this case was instituted to recover a loss resulting from defendant's alleged negligence in drawing a

chattel mortgage which proved to be defective. At the conclusion of the proofs each party moved the court for direction of a verdict in his favor. The trial judge, conceiving that this removed the case from the jury's consideration, proceeded to determine it himself and found in favor of the plaintiff. From the judgment rendered on this finding the defendant appeals.

A number of grounds are urged for reversal. The first of these is that the court was in error in withdrawing the case from the jury, and according to the rule adopted in this state in *Hayes* v. *Kluge,* 86 *N. J. L.* 657; 92 *Atl. Rep.* 358; *Bank* v. *Smith,* 91 *N. J. L.* 531; 103 *Atl. Rep.* 862, this was undoubtedly so. This, however, does not work a reversal of the case. The evidence discloses that Muller, the defendant, was a real estate agent and notary public and was requested by the plaintiff to draw up a chattel mortgage to secure a loan made to his son-in-law. The mortgage was drawn, executed and recorded but subsequently held void by the Court of Chancery with respect to the goods and chattels described in it because of a defect in the affidavit setting forth the consideration, and Levy, the mortgagor, having gone into bankruptcy, the property covered by the chattel mortgage was sold free of that instrument. No part of the consideration money being paid to the plaintiff, Morris, on the mortgage, the present action resulted.

The drawing of a chattel mortgage requires no small degree of skill as the cases in this state abundantly show, and it is the duty of one undertaking the service not only to use ordinary skill in drafting the document, but he assumes to have the reasonable qualifications necessary to the performance of the service. During the trial the defendant was examined as to these qualifications and from this it appears that he was totally ignorant of the essential requisites; even the existence of the statute authorizing the creation of chattel mortgages; that he only knew of the requirements of an affidavit of consideration from the printed matter in the form and that outside of the printed matter (and presumably what this indicated) he knew nothing about what should be in the mortgage or how it should be drawn.

From the proofs it not only appeared that the chattel mortgage was defectively drawn but that the defendant was wholly devoid of the qualifications and skill to draw it. This being true, it demonstrated that the plaintiff's loss was due to the negligence of the defendant and that if the judge had submitted the case to the jury he would have been obliged to instruct it to find in his favor. If so instructed, the jury would have been legally compelled to follow that instruction, and if it had disregarded the instruction, the judge would have been obliged to enter the verdict which it had instructed the jury to give. Instead of so instructing them he found directly for the plaintiff himself. The result would therefore be the same in either form of procedure and the defendant suffered no legal injury by the action of the judge.

The second point urged, whether the defendant was practicing law unlawfully or not, as remarked by the judge in his conclusions, is without merit. The facts of the case must determine the parties' rights and not the comment of the judge criticising the defendant's conduct.

It is claimed that chapter 268 of the laws of 1928 (page 676), which is a criminal statute prohibiting the practice of law without a license, and which in section 5 provides that "the provisions of this act shall not apply * * * to persons engaged in the leasing, sale or exchange of real or personal property * * * in so far as may relate to legal documents * * * nor shall this act apply to the drawing of deeds, bonds, mortgages, * * * by * * * a licensed real estate broker," protected the defendant. This is obviously without substance. The question is not whether the defendant was violating any law in drawing the mortgage in question but whether he was negligent in undertaking a service for which he was clearly not qualified.

It is urged that the decree in Chancery was improperly admitted as inadequately proved. Even if so, it does not affect the result. The affidavit was itself presented and exhibited its own sufficiency.

It is also urged that the plaintiff himself was guilty of negligence. We think this does not appear. The defendant was a licensed real estate broker as well as a notary public.

Without being a lawyer he might well have had the qualifications necessary to draw a chattel mortgage. According to defendant's testimony he was asked by the plaintiff's brother-in-law if he could do a quick favor and make out a chattel mortgage. The defendant replied that he was just going out and there was no girl there and of course he was not a lawyer, but he could write it out in longhand which he proceeded to do, charging $1.50 for the service. He had been in the habit of drawing up chattel mortgages, having forms in his office for the purpose. He drew real estate contracts and leases as well as real estate mortgage, charging for the service. The statute quoted above seems to contemplate that certain legal papers may be drawn by one so engaged without being charged with the illegal practice of law, and we cannot say that the plaintiff was at fault in seeking his service.

Other points raised on the appeal are without merit and require no discussion.

The judgment is affirmed, with costs.