GEORGE W. C. SCHMIDT, APPELLANT, v. MARCONI WIRELESS TELEGRAPH COMPANY OF AMERICA, RESPONDENT.

Argued March 18, 1914—Decided June 15, 1914.

1. Where the right to subscribe to a new issue of corporate stock is offered to those who are stockholders of record in such corporation, such offer can be taken advantage of only by persons who are, in fact, stockholders of the company, and who appear to be such upon its books, or by their assignees.
2. Where the assignee of a right to subscribe to stock of a company brings suit against the company for damages accruing from a refusal to receive the subscription, and the defendant company at the trial produces a witness who testifies that the plaintiff's assignors admitted to him that they had no right to subscribe, such testimony, although uncontradicted, should be submitted to the jury.
3. In every case where the issue depends upon the determination of facts the existence of which is not admitted, the jury, not the court, must determine them.

On appeal from Hudson Circuit Court.

For the appellant, *Aaron A. Melniker.*

For the respondent, *Griggs & Harding.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   On April 18th, 1912, the defendant corporation, having resolved to largely increase its capital stock, offered to its stockholders of record the right to subscribe for twenty-five shares of new stock, to be issued at par, for every share held by them respectively.   On that day one Parsons appeared on the books of the company to be a holder of one hundred and thirty-five shares, and she assigned her right to subscribe to Levy Brothers, the power to make such an assignment being conferred upon stockholders by the corporation.   Levy Brothers, within the time limit fixed by the company, subscribed for three thousand three hundred and seventy-five shares, and paid the required deposit.   The money was subsequently returned to them, and their subscription refused, upon the ground that Miss Parsons was not, on April 18th, 1912, or at any time thereafter, a stockholder of the defendant corporation, having sold her stock a considerable time before the date mentioned.   Levy Brothers, conceiving that the action of the defendant corporation in refusing their subscription was without legal justification, claimed that they were entitled to be paid by the latter the difference between the price at which they subscribed for the stock, and its market value after it was issued, and this claim being repudiated by the company, they assigned to the appellant, Schmidt, any right of action growing out of the refusal of the company to accept their subscription.   At the trial the defendant company called as a witness John W. Griggs, its president and general counsel, who testified that prior to the assignment to the plaintiff he had an interview with Levy Brothers, or some of them, with relation to their subscription and its rejection, in which he told them that the company had received information that Miss Parsons had sold and parted with all her right in the stock which stood in her name several years before the issue of the new stock had been determined upon, and was then told by them that such was the fact, but that the persons who had bought the stock were in South America, and that as they were, in a measure, clients of theirs (the Levy Brothers)

they thought they ought to make the subscription to protect them, although they had no authority from their clients to take such action in their behalf. At the close of the case the trial court held that the proof was conclusive that at the time of the assignment by Miss Parsons to Levy Brothers of her right to subscribe to the new issue, she was not a stockholder of the defendant corporation, and had no interest therein, and that, this being so, the corporation was clearly within its rights in refusing Levy Brothers' subscription, notwithstanding the fact that Miss Parsons appeared as a stockholder upon the books of the company. So holding he directed a verdict in favor of the defendant; and from the judgment entered thereon the plaintiff appeals.

We concur in the view of the trial court that the defendant corporation was under no legal obligation to accept the subscription of any person who was not, at the time when the new stock was offered for sale, a *bona fide* holder of stock in the company, or exercising the rights of such a holder. The right to subscribe depended upon a double condition—*first,* that the subscriber was in fact a stockholder of the company; and *second,* that he appeared to be such on the books of the company. But we cannot agree that it was so conclusively established that Miss Parsons was not the owner of stock at the time she made the assignment to Levy Brothers, as to make that essential fact one to be determined by the court rather than by the jury. There is nothing in the pleadings, or the proofs, to indicate that the plaintiff, who was the assignee of Levy Brothers, had any knowledge that they had made the admission of the non-ownership of stock by Miss Parsons testified to by Mr. Griggs, or that he had reason to anticipate that there would be any attempt made to prove her non-ownership by the admission of his assignors. None of the members of the firm of Levy Brothers were called as witnesses, and it does not even appear that they were in court at the trial. Not having been led to expect that the fact of non-ownership by Miss Parsons would be attempted to be proved by the admission of his assignors; not even having any knowledge, so far as the case shows, that Levy Brothers

had any information upon this subject, he apparently was compelled to permit the testimony of Mr. Griggs to go unchallenged. It cannot, therefore, be said that by his failure to controvert it he impliedly admitted its truth. Of course the testimony of a man whose character for truth and integrity is so universally known as that of Governor Griggs would always be accepted as a correct recital of the facts spoken to as he remembered them. But it will hardly do to say that the character of a witness is the determining factor upon the question whether the facts testified to by him shall be determined by the court or by the jury. It cannot be that where the character of the witness for truth and veracity is known by the court to be unimpeachable, the facts sought to be established by his testimony are to be determined by the court, but that where, in the judgment of the court, the witness is not entitled to full faith and credit, the facts sought to be proved by him must be determined by the jury. No such rule of evidence exists. In every case where the issue depends upon the determination of facts the existence of which is not admitted, the jury, and not the court, must determine them.

We conclude, therefore, that it was error for the judge to take from the jury the question whether or not Miss Parsons, at the time of her assignment to Levy Brothers, was or was not the owner of stock in the defendant company, and that, for this reason, the judgment must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, White, JJ. 10.