For the reasons stated, the indictment is quashed.

---

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SAMUEL LANTO, PLAINTIFF IN ERROR.

Submitted December 7, 1922—Decided June 4, 1923.

1. In the trial of an indictment for carnal abuse of a female under the age of sixteen years, the admission of evidence that the defendant had sexual intercourse with the prosecutrix forcibly and against her will on another occasion than that named in the indictment, is a clear violation of the legal rule that a defendant is required only to meet the issue presented by the indictment and the plea thereto.

2. Where there is a variance between the proof of the date when the alleged offence was committed and the date fixed in the indictment, the indictment may be amended to correspond with the proof, provided the defendant is afforded a reasonable time to prepare his defense, if embarrassed by the amendment.

3. In the trial of an indictment for carnal abuse of a female under the age of sixteen years, the age of the prosecutrix is a question of fact to be submitted to the jury; and it was error for the trial court to state to the jury that she was under sixteen years of age at the time of the alleged carnal abuse, although there was no contradictory testimony as to her age.

On error to the Essex County Quarter Sessions Court.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff in error, *Harold Simandl.*

For the defendant in error, *John O. Bigelow,* prosecutor, and *Joseph L. Smith,* assistant prosecutor.

The opinion of the court was delivered by

KALISCH, J.　The plaintiff in error was convicted in the Essex County Quarter Sessions on an indictment which alleged that he, being then and there above the age of sixteen years, on the twelfth (amended to 16th) day of November, 1921, at Newark, &c., in and upon one Anna Lasso, &c., an assault did make, and her, the said Anna, then and there did unlawfully and carnally abuse, the said Anna being then and there a woman-child over the age of twelve years and under the age of sixteen years, &c.　Judgment having been pronounced, the record is before us for review upon errors assigned on bills of exception, and under section 136 of the Criminal Procedure act, and of the supplement thereto of 1921, chapter 349.

The crime charged, and of which the plaintiff in error was convicted, is purely a statutory one. *Evans* v. *State,* 52 *N. J. L.* 261.

By section 115 of the Crimes act (2 *Comp. Stat., p.* 1783), under the title of "Rape-punishment," the crime of rape ap-

pears to be divided into three kinds or degrees: 1. Where there is carnal knowledge of a woman forcibly against her will. 2. Where a person "who being of the age of sixteen or over, shall unlawfully and carnally abuse a woman-child under the age of twelve years, with or without her consent." 3. "Where a person who being of the age of sixteen or over shall unlawfully and carnally abuse a woman-child over the age of twelve years and under the age of sixteen years."

In each of the three classes enumerated the offence is denominated a high misdemeanor, and so far as the penalty is concerned they differ only in this respect; that in the first two classes the punishment prescribed is the same, not exceeding thirty years' imprisonment at hard labor, or a fine not exceeding $5,000, or both; whilst in the third class, the imprisonment at hard labor shall not exceed fifteen years or the fine $2,000.

The conviction in the present case on the indictment comes within the third class. We have directed attention to the statutory situation, not for the purpose of intimating that the crime of which the plaintiff in error was convicted was rape, but solely to demonstrate that the legislative design was in order to protect and defend the chastity of a woman-child against herself, to place carnal abuse of one within the statutory age on the same legal footing as rape. When it is considered that the will and consent of children of tender years are subject to be influenced by other means than force, threats or fear, the wisdom of the legislation is apparent, but we must not on that account overlook the fact that carnal abuse in such cases stands in close kinship to rape, and, therefore, strict care should be exercised that the well-settled legal rules of evidence applicable to rape be observed.

The foregoing remarks are introductory to a consideration of the twenty-fifth assignment of error which attacks the legal propriety of the verdict upon the ground that it is against the weight of evidence. This being in substance an application for a new trial, under the statute of 1921, *supra,* its consideration will be taken up first.

The prosecutrix was fifteen years of age. The plaintiff in error was sixty-two. He was in the employ of the Mono Service Company, and had been in its employ four years. His work seems to have required him to go to all parts of the factory. The prosecutrix was in the company's employ two months. She was discharged on November 3d, 1921. About forty girls worked in the finishing and packing-room from November 3d to November 16th, 1921. Besides the factory contained a carpenter shop, stock room and a large-sized department of thirty-five male employes.

The state relied on Wednesday, November 16th, 1921, as the time of the commission of the offence, which, according to the testimony of the prosecutrix, occurred in the daytime, under a stairway in the factory, the stairway being in constant use by the employes. She further testified that the act of coition was accomplished while she was standing up backed against a wall or box, and that the plaintiff in error was also in a standing position and that they remained in that posture about ten minutes; that she never told her mother of her illicit relations with the plaintiff in error; that she never told her of her being discharged from the factory, but on the contrary pretended to go to work every morning and gave money which she says she received from the plaintiff in error to her mother under the pretence that it was her weekly pay; that her illicit relations with the plaintiff in error commenced on November 7th, when, as she says, she was in the shipping-room, he assaulted her, and forcibly and against her will and consent, while they both were in a standing position, entered her person with his privates and remained in such contact ten or fifteen minutes; that prior to this time she had been a good girl and that she felt no pain and noticed no blood after the consummation of the act; that she did not make any complaint to her mother of what happened; that she went to the factory on the following day and on several days afterwards, and that on each of these visits she confessed with unblushing effrontery she had sexual intercourse with plaintiff in error, in some part of the factory, but generally under the stairway, and that the act was always done while

both were standing up and occupied ten or fifteen minutes. When asked why it was that the act was done in a standing position, she replied because the floor was wet and slippery. This answer, obviously, could not have applied to the floor of the room under the stairway in which boxes were stored. However that may be, it cannot escape observation that if the story of the prosecutrix as to the assault upon her on the 7th day of November, 1921, by the plaintiff in error be true, he was guilty of the crime of rape and should have been indicted for that offence. There was as much proof of its commission as there was of the offence of which he was convicted.

The story of the prosecutrix stood unsupported. This situation was recognized by the learned judge in his charge to the jury. The truthfulness of her story was capable of being partially corroborated by her mother, namely, as to the payment to her of money by the prosecutrix while she was out of employ and as alleged by her, and which she said she received from the plaintiff in error. The mother was not called as a witness. Her testimony was important, in view of the fact that the plaintiff in error denied that he ever gave the prosecutrix the money, but had on two different occasions loaned her fifteen cents for carfare. It is rather significant also if the story of the prosecutrix be true, in that she spent many hours in company with the plaintiff in error at the factory, in one room or another, that out of the numerous employes not one was produced who testified of having seen them together. The testimony of the physician that on November 21st he made a physical examination of the prosecutrix and found her hyman ruptured, and that she had been penetrated, but how and by what he could not say, does not throw much light on the question as to whether or not it was done by any act of the defendant, in view of the testimony that the prosecutrix had other male acquaintances nearer her own age. Moreover, the testimony of the prosecutrix is contradictory. She confessed that she practiced deception upon both her father and mother, and by means which evinced the experience and alertness of a mature mind and one accustomed to such practice. A careful consideration of her

testimony leads us to the conclusion that the state failed to sustain the burden of proof. On this particular point the following quotation from Roscoe's Criminal Evidence is apt. The learned author, on page 862, says: "The party ravished, says Lord Hale, may give evidence upon oath, and is in law a competent witness; but the credibility of her testimony, and how far she is to be believed must be left to the jury, and is more or less credible, according to the circumstances of fact that concur in that testimony. For instance, if the witness be of good fame, if she presently discover the offence, and make pursuit after the offender, showed circumstances and signs of the injury; if the place in which the act was done was remote from people, inhabitants or passengers; if the offender fled for it; these and like are concurring evidences to give greater probability when proved by others as well as herself. 1 *Hale* 633; 1 *East P. C.* 448. On the other hand, if she concealed the injury for any considerable time, after she had an opportunity to complain; if the place where the act was supposed to have been committed was near to inhabitants or the common recourse or passage of passengers, and she made no outcry when the act was supposed to be done, when it was probable she might have been heard by others; such circumstances carry a strong presumption that her testimony is false." A strict caution is given by Lord Hale with regard to the evidence for the prosecution in case of rape: "An accusation easily to be made, and hard to be proved, and harder to be defended by the party accused, though never so innocent." 1 *Hale* 635.

It is a well-settled legal rule that the credibility of a witness is wholly within the province of a jury to decide, and that a verdict will not be interfered with unless it appears that it is so clearly against the weight of the evidence as to give rise to the inference that it is the result of mistake, passion, prejudice or partiality. *State* v. *Karpowitz,* a case decided by our Court of Errors and Appeals, *post p.* 546.

We think the verdict was the result of prejudice and passion, engendered not only by the tender age of the prosecutrix but by the admission of illegal testimony, to the effect

that on the 7th day of November, the plaintiff in error forcibly and against the will of the prosecutrix had sexual intercourse with her, and, thereafter, on several occasions before the 16th day of November, had sexual intercourse with her, under circumstances which the jury could have properly found against her free will and consent. While it is true that no objection was made to the incompetency of the testimony by counsel of plaintiff in error, it is obvious that such testimony could have had no other tendency than to create prejudice in the minds of the jurors and to influence their passions against the accused, when passing upon the issue presented by the amended indictment as to whether or not he was guilty of the crime alleged to have been committed on the 16th day of November. In *State* v. *Raymond,* 53 *N. J. L.* 260, Mr. Justice Dixon, speaking for the Supreme Court (at *p.* 264), said: "The general rule on this subject is that upon the trial of a person for one crime, evidence that he has been guilty of other crimes is irrelevant. But there are several exceptions to this rule which are illustrated by cases cited in the text-books." And (at *p.* 265) the learned jurist continued: "And in general it may be said that whenever the defendant's guilt of an extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried, such guilt may be shown. But it must not be supposed that the defendant's propensity to commit crime, or even to commit crimes of the same sort as that charged, can be put in evidence to prove his guilt." * * * "There must appear between the extraneous crime offered in evidence and the crime of which the defendant is accused, some other real connection beyond the allegation that they have sprung from the same vicious disposition." *State* v. *Deliso,* 75 *Id.* 809, is to the same effect. In *State* v. *Girone,* 91 *Id.* 498, the Supreme Court went no further than to hold in a case of the same nature as the one we are considering that it was not error to permit testimony tending to show the prosecutrix and defendant had sexual intercourse with each other in the State of Pennsylvania, in that they co-

habited together there, before coming into this state. The theory upon which the testimony was held admissible was that the relations between the parties leading up to the commission of the offence in this state was the proper subject of inquiry. But there is no hint in that case or in any other case to which the attention of the court was drawn that goes to the extent that the state is at liberty to introduce in evidence the commission of acts of the same nature, each of which constitutes a separate offence. The case of *State* v. *Pitman,* 119 *Atl. Rep.* 438, lends no color to the propriety of the admission of such evidence. Where, like in the present case, the testimony as to the commission of offences of like nature was not objected to, and (at *p.* 439) the court said: "What happened in the present case was that the court permitted the prosecutor to introduce testimony tending to show that the plaintiff in error committed a statutory rape upon the prosecutrix, not only on the 8th day of October, 1920, as charged in the indictment, but also on three other days, namely, on the 4th, 11th and 15th of October. Such a course of procedure was unwarranted. It is true that counsel of plaintiff in error made no objection to the introduction of the improper testimony, and it is not made one of the causes for reversal, but it has a material bearing on another branch of the case which will be discussed later on."

Before leaving this topic it need only to be pointed out in this connection that to admit testimony of the various separate offences, is in clear violation of the general legal rule that a defendant is required only to meet the issue presented by the pleadings—that is, by the indictment and plea thereto.

But, independently of the foregoing considerations, it seems to us that the jury in passing upon the credibility of the prosecutrix wholly overlooked the apparent discrepancies and contradictions in her testimony, and the improbability of some of her statements relating to the manner in which and the times and places, when and where the alleged carnal abuse occurred, and the utter lack of any confirmation of her testimony that on two different occasions, after her dis-

charge from the factory, she received money from the plaint-
iff in error and paid it over to her mother.

Although we have reached the conclusion that the verdict
must be set aside as against the clear weight of the evidence,
we have, nevertheless, examined some of the grounds assigned
as error and relied on for a reversal of the judgment in the
brief of counsel of plaintiff in error.

A contention made for a reversal of the judgment is that
there was error harmful to the defendant below, in that the
learned trial judge allowed the indictment to be amended in
the date of the commission of the offence as therein charged,
as of the 12th of November, from such date to the 16th day
of November, against the objection of defendant's counsel.
The argument in support of this claim is that the amendment
was of a matter of substance, and, hence, without the power
of the court to allow. Reliance is, placed on *State* v. *Sing
Lee,* 94 *N. J. L.* 266, as supporting the proposition advanced.
A careful reading of that case makes it plain that its clearly
distinguishing feature from the present one consists in the
fact that the amendment allowed, in the case cited, in effect,
was to add a count to the indictment, charging a separate
offence, which, of course, could not be lawfully done. Here
there was a variance between the proof of the date when the
alleged offence was committed and the date fixed by the in-
dictment. There was no testimony showing the commission
of the offence on the 12th of November, but there was testi-
mony as to its commission on the 16th of that month. The
indictment found by the grand jury was for a single offence,
and, therefore, it is quite obvious whether such offence was
committed on the 12th or 16th of November, or on any other
day within two years of finding of the indictment, can be of
no real importance, except in so far that a misstatement of
the date might tend to prejudically embarrass the defendant
in his defense. But this was not claimed here. Surely, it
cannot be said with any show of reason that the accused was
not informed of the cause and nature of the accusation. He
could only properly be called upon to answer to the offence

charged against him in the indictment, and if embarrassed by the amendment, was entitled to have a reasonable time in which to prepare his defense. This privilege was extended to him by the court, but was not accepted. We must assume therefore that the amendment was harmless, in so far as the change of date was concerned. We think, however, that the observation should be made that the situation which grew out of the wrong date in the indictment could have been avoided if the pleader, before drawing the indictment, had taken the precaution to inform himself fully of the facts of the case, as presented to the grand jury, and if the date was uncertain as to whether or not the offence of which the accused stood indicted was committed on the 12th or 16th of November, an indictment drawn containing separate counts, alleging the commission of the offences on the various dates would have met the difficulty. Moreover, as all the alleged offences of which the accused was not indicted but to the commission of which testimony was impropery directed, were of the same nature as the one of which he stood indicted, they all could have been properly included in one indictment, by separate counts for each offence. 1 *Chit. Crim. L.* 208, 209; 1 *Bish. Cr. Pro.* 444, under the title of "Joinder of Offences."

But we need not pursue this discussion any further except to state that the course of procedure adopted to establish the offence alleged in the indictment, by the introduction of testimony tending to establish other like offences by the plaintiff in error, was improper and could have had no other effect than to be harmful to the accused in maintaining his defense on the issue joined.

Since the testimony came into the case without objection by counsel of plaintiff in error, it cannot properly work a reversal of the judgment upon the ground that it was improperly received.

We now approach the consideration of two assignments of error, numbers 15 and 16, which relate to instructions given by the trial judge to the jury concerning a constituent element of the offence, namely, the age of the prosecutrix, which

instructions counsel of plaintiff in error contends eliminated from the consideration of the jury a well-settled factual question, namely, the age of the prosecutrix at the time. of the commission of the alleged offence.

The learned judge charged as follows: "The girl in this case is under the age of sixteen; therefore, whether she consented or not is immaterial. In the eyes of the law, a girl under the age of sixteen cannot consent, and under this charge actual penetration is not necessary." And then again, in close conjunction with the foregoing, he further said: "Three things must be established by the state—*first,* the age of the girl, that she is under the age of sixteen; *secondly,* that the defendant himself is over the age of sixteen. The *third* element is the occurrence itself. By the occurrence, I mean the elements I have laid down. There is no contradiction of the fact that the girl is under the age of sixteen; that she was fifteen on the 18th of January, 1922, and this offense is laid as of November 16th. That would leave her age at the time of the offence under fifteen. There is no dispute that the defendant is sixty-three years old. I believe the testimony is to that effect. So, the problem for you to consider is the act of the commission of the crime—that is, the other element of the crime which has not been established by admissions."

The trial judge could not have used more forceful language than he employed here to impress upon the minds of the jurors that the prosecutrix was under fifteen years of age at the time of the occurrence, which term "occurrence" plainly and solely referred to the alleged act of sexual intercourse, and that the only problem for the jury to consider was the fact of such occurrence—sexual intercourse—since the age of the prosecutrix and the age of the defendant had been established by admission. There was, however, only the admission of the defendant as to his own age.

The error into which the learned trial judge fell was in accepting the testimony of the prosecutrix and her father as to her age as absolute verity, and because there was no testi-

mony in the case in contradiction of the age of the prosecutrix, he concluded that the absence of such contradiction was equivalent to an admission as to her age by defendant. The word "admissions" could only have referred to the age of the prosecutrix and the defendant, for the age of each was an essential ingredient of the crime, and was obviously the "other element of crime" which inferentially is said to have been established by admissions.

In treating the age of the prosecutrix as a court question and as an established fact binding upon the jury to accept, and in eliminating from its consideration the credibility of the testimony adduced by the state, as to the age of the prosecutrix, harmful error was committed, which necessitates a reversal of the judgment. *State* v. *Pitman, supra.*

In . *State* v. *Karpowitz, supra,* Mr. Justice Katzenbach, speaking for the Court of Errors and Appeals, said: "This court said, in *Schmidt* v. *Marconi Wireless Telegraph Co.,* 86 *N. J. L.* 183, that the uncontradicted testimony of a man whose character for truth and integrity is universally known, should, nevertheless, be submitted to the jury." See, also, *Clark* v. *Public Service Electric Co., Id.* 144.

Errors were also assigned upon alleged illegal rejection of testimony offered by the accused. We do not deem it to be necessary to pass upon the questions raised in view of the fact that the judgment must be reversed for the reasons above set forth.

Judgment is reversed.