TRUSTEES SYSTEM COMPANY OF NEWARK, APPELLANT,
v. MICHAEL A. LISENA ET AL., RESPONDENTS.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Haines & Chanalis.*

For the respondents, *George A. Henderson.*

The opinion of the court was delivered by

WELLS, J. This was an action brought in the East Orange District Court on a promissory note made by the defendant Michael A. Lisena and two others.

The case was tried by the court with a jury, resulting in a directed verdict for the plaintiff for the sum of $298.11.

On appeal this judgment was reversed by the Supreme Court on the theory that a jury question was involved and from the judgment of reversal the present appeal is taken.

The plaintiff is a loan company, licensed under *Pamph. L.* 1914, *p.* 75, which authorizes the organization of loan companies charging three per cent. per month for loans not exceeding $300.

The state of the case as agreed upon by the parties shows that the only witness who testified in the case was the manager of the plaintiff, who testified that he had charge of the records of the company and that according to the plaintiff's records the amount of the note was $300 and that there had been paid on account $76.36, leaving a balance due of $223.64 principal, together with $74.47 interest, or a total of $298.11.

On cross-examination he admitted that he did not have charge of the records during the time this note was executed and the alleged payments were made, and further that his predecessor, the man who had charge of the records during this period, had been convicted of embezzlement of similar funds.

The original note was admitted in evidence over defendant's objection that the note had not been proved. The objection did not state in what respect there had been a failure in the proof and no exception was taken to the ruling of the court admitting the note in evidence.

The briefs of the attorneys of both plaintiff and defendant are based upon the fact that the note was in evidence, and we must assume in the absence of anything in the record or arguments of counsel to the contrary that the note was properly admitted in evidence by the court.

The defendant did not testify nor offer any evidence denying the validity of the note or disputing the payments credited

thereon as shown on the books of the plaintiff, but bases his contention that the question was one for the jury upon the theory that the plaintiff's case depended upon the testimony of the manager of the plaintiff and that his testimony could be contradicted or discredited by circumstances as well as by the testimony of other witnesses, and that the circumstances under which the records were made and kept would discredit them, and that the credibility of witnesses and the weight of their testimony were for the jury alone.

The Supreme Court adopted this view of the situation and in support of its decision cited the case of *Second National Bank of Hoboken* v. *Smith,* 91 *N. J. L.* 531; 103 *Atl. Rep.* 862.

We do not think this case applicable. There it was a question as to whether or not a notice of dishonor of a note had been properly sent, in accordance with the requirements of the Negotiable Instrument act, in order to hold the endorser liable. The exercise by the notary of due diligence in ascertaining the person to whom and the address to which such notice should be sent was a condition precedent to the right to hold such endorser.

The testimony of the notary indicated that he had made the proper inquiry and sent the notice of dishonor to the proper person disclosed by such inquiry. This person (whose name was Smith) testified he had not received the notice, and the court properly held that a jury question was under such circumstances presented, the court remarking, "the jury had a right to believe that Mr. Smith received it" [the notice] "and that he was mistaken in his assertion that it had not come to him. That the credibility of a witness is for the jury and that where the issue depends upon the facts the existence of which is not admitted, even though testified to by a credible witness, who is unchallenged, the question is for the jury," citing *Clark* v. *Public Service Electric Co.,* 86 *N. J. L.* 144; 91 *Atl. Rep.* 83; *Schmidt* v. *Marconi Wireless Telegraph Co.,* 86 *N. J. L.* 183, 186; 90 *Atl. Rep.* 1017.

The case *sub judice* presents an entirely different situation. The note, bearing the signature of the defendant and in

the hands of the plaintiff, raised a presumption of law that it was unpaid, and in the absence of contradictory proof even without the testimony of the manager, as to what the records showed, and the credits thereon, established a *prima facie* case and warranted a direction of verdict in favor of the plaintiff for the amount of the note.

Chancellor Walker, delivering the opinion for this court, in the case of *McCormack* v. *Williams,* 88 *N. J. L.* 170; 95 *Atl. Rep.* 978, in which he held that where there was a conflict of testimony a jury question arose, and said (on *p.* 172):

"Our Negotiable Instrument act (*Comp. Stat., p.* 3734) provides, in section 24, that every negotiable instrument shall be deemed *prima facie* to have been issued for a valuable consideration, and that every person whose signature appears thereon is deemed to have become a party thereto for value. Therefore, when the plaintiff proved the notes in suit, offered them, and rested, he established a *prima facie* case; and that entitled him to go to the jury. *Polhemus* v. *Prudential Realty Corp.,* 74 *N. J. L.* 570, 580; 67 *Atl. Rep.* 303. The notes spoke for themselves. They gave inherent evidence of validity."

The *Polhemus* v. *Prudential Realty Corp.,* cited *supra,* holds that:

"A plaintiff who has made a *prima facie* case within the scope of the foregoing principles has shown in himself a right of action which entitles him to go to the jury. A nonsuit is then rightly refused.

"When a defendant has put in a plea denying the truth of the plaintiff's declaration, but wholly abstains from supporting his plea by evidence, virtually resting his case on the evidence of the plaintiff, the *prima facie* evidence of the plaintiff not merely entitles him to go to the jury, but, in the absence of all discrediting circumstances, becomes decisive of the issue. In such a case a direction of a verdict for the plaintiff is not erroneous."

We find in the instant case no "discrediting circumstances" affecting the validity of the note.

The defendant contends that the books of the plaintiff, containing a record of the payments made on this note are discredited by the fact that they were kept by an employe who was convicted of embezzling the plaintiff's money, and that this constitutes a question of fact to be left to the jury to decide.

Just what a jury could decide is not made manifest.

The plaintiff holds the note and admits certain payments.

The defendant in effect says the plaintiff must go further and prove more payments or show that no more payments were made.

How could any verdict rendered by a jury other than the verdict directed by the court hold? There would be nothing but conjecture upon which to base it and it would necessarily be set aside by a reviewing court.

If the credits shown by the plaintiff's books were not correct further credits were matters of affirmative defense and should have been established by proof upon the part of the defendant.

In the case of *Fein et al.* v. *Meier*, 71 *N. J. L.* 12; 58 *Atl. Rep.* 114; *affirmed*, 74 *N. J. L.* 597; 65 *Atl. Rep.* 1117, where the inquiry was as to whether a debt had been paid it was held that the existence of the indebtedness being established and the time for payment having passed the burden legally rested on the debtor to show payment; that in the absence of any evidence, payment of a debt recently created by an instrument in writing still outstanding would not be presumed.

Mr. Justice Dixon, speaking for the Supreme Court, said:

"The principle that he who alleges himself to be creditor of another is obliged to prove the fact of agreement upon which his claim is founded, when it is contested, and that, on the other hand, when the obligation is proved, the debtor who alleges that he has discharged it is obliged to prove the payment, is clearly one of those propositions in which every system of jurisprudence must concur in general, whatever particular rules may be adopted as to the mode and form of the allegation by which the necessity of such proof is to be deter-

mined. 2 *Evans Poth*. 143." "The defendant in an action on a bond containing a condition to pay on a certain day, may plead payment on the day * * *. The proof of this issue lies on the defendant, for he maintains an affirmative. 3 *Phil. Ev.* 407."

We conclude, therefore, that the action of the judge of the District Court in directing a verdict for the plaintiff was justified and that the Supreme Court erred in reversing the judgment of the District Court.

The judgment of the Supreme Court should, therefore, be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.