STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CARMINE CARLONE, PLAINTIFF IN ERROR.

Submitted January 30, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the defendant in error, *Orville V. Meslar,* prosecutor of the pleas.

For the plaintiff in error, *Algernon T. Sweeney.*

The opinion of the court was delivered by

CASE, J. The defendant was indicted and convicted under section 50 of the Crimes act (2 *Comp. Stat., p.* 1761), which reads as follows:

"Any single man over the age of eighteen years, who, under promise of marriage, shall have sexual intercourse with any single female of good repute for chastity, under the age of twenty-one years, she thereby becoming pregnant, shall be guilty of a high misdemeanor, and punished accordingly; but the evidence of the female must be corroborated to the extent required in case of indictment for perjury; and if the man offending marry the female at any time before sentence, the same shall be suspended, and he shall be discharged from custody; and if he marry the female after sentence, he shall be discharged from further imprisonment."

Amongst the essential elements of that offense are that the defendant must be over the age of eighteen years and that the female must be under the age of twenty-one years and of good repute for chastity. The presence of these elements, with others, is necessary to conviction, and the absence of any one of them is fatal to the case of the state. *Zabriskie* v. *State,* 43 *N. J. L.* 640. At the close of the state's case defendant

moved for a direction of verdict of acquittal on the ground that the age of neither the defendant nor the female had been established. The court refused the motion. The defendant proceeded to put in his case, but he did not thereby waive his right to a review of the court's refusal. *State* v. *Contarino,* 92 *N. J. L.* 381. The only testimony in these respects had been given by the complaining witness in that she said that at the time of the trial she was eighteen years of age and that the defendant had told her that he was twenty years of age. The statute requires that the evidence given by the female be corroborated to the extent, required in case of indictment for perjury. What measure of corroboration will suffice need not be considered at this point. There was none. The state had failed to prove the essential elements of the crime charged and an acquittal should have been directed.

At the close of the entire case a further motion for the direction of an acquittal rested upon the single ground that is clearly appeared from the evidence that the defendant, at the commission of the offense, was under the age of eighteen years. A certified record from the New Jersey State Bureau of Vital Statistics, showing the defendant's birth to have been April 6th, 1913, had been admitted in evidence. The defendant's mother testified to the same date of birth. The defendant himself so testified. If that be the true date of birth, the defendant was four months under eighteen years of age at the times of the acts of sexual intercourse, which, according to the allegations of the indictment and the state's proofs, occurred in November, 1930. Accepting, as equivalent to proof of the fact, the complaining witness' testimony of the defendant's statement to her regarding his age, the only corroborating circumstance, if such it was, of that proof that had come into the case since the court's refusal of the first motion for direction was the induction of the defendant to the witness stand and the opportunity of the jury to observe his appearance. The state insists and the court so charged, that the jury, in determining the defendant's age, could take his appearance

as a part of the testimony and unite that to the testimony of the complaining witness in finding the fact. Like any other fact, age is, of course, for the determination of the jury. *State* v. *Lanto,* 98 *N. J. L.* 401; 121 *Atl. Rep.* 139. But whether, under the circumstances of this case, the appearance of the defendant may be accepted as the corroboration required by the statute and the cases is another matter.

It has been held that the former rule requiring the testimony of two witnesses to convict of perjury has been so far relaxed as to permit a conviction upon the oath of one witness supported by the proof of strong corroborating circumstances of such a character as clearly to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence. *Zabriskie* v. *State, supra.* The age of the defendant was of the essence, so made by the statute. If he was a week or even a day under the age of eighteen years at the time of the acts laid against him, he was not guilty of the crime charged in the indictment. Age is a fact usually susceptible of precise proof. Such proof (*Vanderbilt* v. *Mitchell,* 72 *N. J. Eq.* 910; *State* v. *Koettgen,* 89 *N. J. L.* 678), was put in evidence, not by the state but by the defendant, consisting of a copy of the state statistical record; and this was supplemented by the testimony, also competent proof, of the fact, given by the defendant's mother. *State* v. *Koettgen, supra,* dealt with the admission of opinion evidence on age and therefore is not strictly in point as to the conclusion that the jury itself may draw from appearance, but some of the observations there made are pertinent. In that case the state, on the trial of the indictment for keeping and maintaining a disorderly house, undertook to prove, as one of the elements of unlawful conduct, the habitual sale of intoxicating liquors to minors under the age of eighteen years and produced witnesses who were permitted to give their opinions based solely upon the appearance of those frequenting the place. Mr. Justice Kalisch, speaking for the Court of Errors and Appeals, said:

"But, as to the age of a person, there is no congeries of

facts—it is itself a fact entirely capable of direct proof if it be important to prove it. Not only in the criminal law is age often the very essence of a misdemeanor, as here, but in civil cases succession and the right of property depend on it. * * * It would not only be a serious but a destructive innovation in a sound and salutary rule of evidence, that the best evidence that the nature of the case is susceptible of must be produced, if, for instance, infants could claim succession to and rights of property upon proof that they had the appearance of having attained their majority, or persons who had attained their majority and had entered into contracts could avoid such contracts upon proof that they appeared to the witnesses to be under the age of twenty-one years. It is a matter of common knowledge, derived from observation and experience, that there is nothing more uncertain and highly speculative than that of attempting to fix the age of a person by his or her appearance * * *. While it may very well be that in some instances the application of the rule of evidence, under discussion, in its full severity, worked hardship by reason of inability to prove age as a fact, this reason can no longer obtain with full force, at least, in this state in view of the fact that the legislature in 1888 passed a supplement to the Evidence act which, in substance, provides that all transcripts of death, marriages and births made by any physicians, &c., according to law, to any county board of health or local board of health of any municipality of this state certified to as directed by the act shall be received as legal evidence of the matters and facts therein stated."

There appears to be no distinguishing mark of age by which the jury could have been guided. The defendant was admittedly near the age of eighteen years, and whether he was slightly under or slightly over eighteen years of age could not, in the nature of things, have been accurately determined from his appearance. At best, a conclusion so reached would be based on a mere probability and thus would be under the condemnation of *Zabriskie* v. *State, supra,* and it would have the "uncertain and highly speculative" element which was criticized in State *v.* Koettgen.

In this situation, therefore, we conclude that the appearance of the defendant could not have been a corroborating circumstance of such strength or character as "clearly to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence" in that respect. It follows that the state failed to produce the character and degree of proof of the defendant's age required by the statute and the cases and that a direction of acquittal should have been granted on the motion of the defendant at the close of the trial.

A further error at the trial was the charge of the court with respect to the force and effect that the jury might give to the appearance of the defendant in determining age. We have already sufficiently adverted to the law thereon.

Another point argued on the brief of the plaintiff in error is that the verdict was against the clear weight of evidence. We think that it was; not merely in the respects already mentioned but in that there was no proof of the good repute of the female for chastity. Two witnesses were sworn in behalf of the state for the apparent purpose of giving such testimony, but the testimony was not forthcoming. One of these witnesses, Benjamin Arkman, testified:

"She [the complaining witness] was a good girl, I no see nothing; she was a good girl so far as I know."

The other witness, Sophia Clinsky testified:

"Q. And you say you have known Helen all her life? A. Yes. Q. What is her reputation up there in the community as to being a good girl, or as to her chastity? A. She good girls, she never, I seen nobody, you know, she never go for nobody. Q. Never go out with nobody? A. No, I no see anybody, just Carlo."

It was the good repute for chastity and not the personal virtue of the female that was at issue. *Zabriskie* v. *State, supra; Foley* v. *State,* 59 *N. J. L.* 1. One who is otherwise qualified and who has been in such position that he would probably have heard comment had there been such, may testify to the reputation of another in the neighborhood where the

latter resides, even though the witness has heard nothing said. *State* v. *Baldanzo*, 106 *Id.* 498. Nevertheless the testimony must be as to the neighborhood repute and not the good opinion held by the witness or the latter's personal knowledge of chastity. The testimony in the record does not establish reputation. Therefore, also for the reason last assigned, we think there was error.

Plaintiff in error also argues the court's refusal to strike the testimony of Arkman and Olinsky. We find no error in that ruling. The testimony had come in without objection.

The remaining errors assigned are not properly before us. *State* v. *Blaine*, 104 *N. J. L.* 325.

For the reasons given, the judgment below will be reversed.