MECHANICS' TRUST COMPANY, A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. BELLA HALPERN AND MAX FELDMAN, DEFENDANTS, AND NATHAN HILLER, DEFENDANT-APPELLANT.

Argued October 1, 1935—Decided May 13, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Rosen & Rosen* (*James Rosen,* of counsel).

For the respondent, *Dembe & Dembe* (*Harry B. Dembe,* of counsel).

The opinion of the court was delivered by

HEHER, J.   The respondent bank sued upon a promissory note made by Halpern to the order of Feldman, and endorsed

by the latter and Hiller. It discounted the note before maturity for Feldman, and pleaded that it was a holder in due course for value. Hiller was concededly an accommodation endorser. A jury was empaneled to try the issue, but Judge Melniker directed a verdict for the plaintiff. He also overruled Hiller's motion for a direction of a verdict in his favor; and these rulings are assigned for error.

The first insistence of appellant is that the endorsements purporting to be his and Feldman's, respectively, were not authenticated, and the cause of action pleaded was therefore not established—citing *Van Syckel* v. *Egg Harbor Coal and Lumber Co.*, 109 *N. J. L.* 604. This contention is frivolous.

Chapter 168 of the laws of 1914 (*Pamph. L., p.* 319), provides that, in a suit upon a negotiable instrument, the authenticity of any signature or endorsement thereon shall be deemed to be admitted, unless put in issue by the pleadings, and that, in courts in which the practice does not require the defendant to file a plea, the genuineness of such signature or endorsement shall be taken to be admitted, unless the party challenging its verity shall file with the court an affidavit stating that, to the best of his knowledge and belief, the signature or endorsement is not genuine. This statutory affidavit was not filed. Moreover, at plaintiff's demand, under section 61b of the act relating to District Courts (2 *Comp. Stat., p.* 1971), as amended by chapter 336 of the laws of 1929 (*Pamph. L., p.* 758), appellant filed a specification of defenses; and therein he admitted the genuineness of the endorsements. It was therein also averred that he endorsed the note for the accommodation of Feldman, and, although there was a prior general denial, the sole specific defense interposed was that Feldman, who was primarily liable, in fact paid the note to plaintiff, and that the suit was instituted by the latter on behalf of Feldman, and for his benefit.

Thus there was an explicit admission of the genuineness of the endorsements that dispensed with the necessity of proof thereof; the authenticity of the signatures was not at issue. The prior general denial of "each and every allegation" of the state of demand was thus limited to exclude the allegations of the making and endorsement of the instrument by

the respective defendants. A general denial has little or no effect; it manifestly does not serve the statutory purpose. There is, in any event, imposed upon the plaintiff the burden of establishing his claim *prima facie*. *Besser* v. *Krasny*, 114 *N. J. L.* 146; *Tricoli* v. *Tramonde*, 95 *Id.* 363; *Turner* v. *Wells*, 64 *Id.* 269. But this burden does not exist as to a factual ingredient admitted by the defendant. It is one of the first principles of procedure that, with rare exceptions grounded in public policy, an allegation admitted need not be proved.

Secondly, it is maintained that it was incumbent upon respondent to establish by proof that the proceeds of the note in suit "were absorbed by an antecedent debt or exhausted by subsequent withdrawals;" that there was a failure of proof in this regard, and respondent therefore did not have the status of a holder in due course for value. But the uncontroverted evidence was that the note in suit was a renewal of a like negotiable instrument discounted and held by respondent, and, consequently, its avails were absorbed by the antecedent indebtedness. Moreover, by sections 24, 26 and 59 of the Negotiable Instruments law, every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value; and, where value has at any time been given for the instrument, the holder is deemed to be a holder for value as to all who became parties prior to that time; and every holder is deemed *prima facie* to be a holder in due course. 3 *Comp. Stat.* 1910, *pp.* 3738, 3741. See *McCormack* v. *Williams*, 88 *N. J. L.* 170. The case of *Hightstown Trust Co.* v. *American Equity Corp.*, 7 *N. J. Mis. R.* 135; *affirmed*, 106 *N. J. L.* 569, is not in point. There the evidence showed that, while the proceeds of the note were credited by the bank to the corporate maker, the subsequent withdrawals were accomplished by means of forged checks not chargeable to the latter. Then, too, the law imposes upon appellant the burden of proof on this issue. *Fidelity Union Trust Co.* v. *Decker Building Material Co.*, 106 *Id.* 132.

The judgment is therefore affirmed, with costs.