STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
LOUIS WASSERMAN, PLAINTIFF IN ERROR.

Argued May 4, 1937—Decided May 20, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and PARKER.

For the plaintiff in error, *Benjamin M. Weinberg.*

For the defendant in error, *William A. Wachenfeld,* prosecutor of the Pleas, and *Joseph E. Conlon,* first assistant prosecutor.

PER CURIAM.

Louis Wasserman, together with Max Blum, Joseph Praml and Bernard Lieberman, was indicted by the grand jury of Essex county.

At the trial, Lieberman was acquitted by the direction of the court; Praml was acquitted by the jury, and Blum pleaded non vult.

Wasserman, the plaintiff in error, was found "guilty in manner and form as is set forth in the indictment."

The indictment contained two counts. The first count charged simple assault and battery upon one Karl Hoffman.

The second count charged that the same defendants committed "an atrocious assault and battery upon Karl Hoffman, by wounding the said Karl Hoffman in and upon the head, limbs and body."

The state's case was that the actual assault, allegedly with pieces of iron pipe, was committed by two colored men hired by the defendant Wasserman and that he was close by having come to watch the assault.

We have no reason to doubt that the verdict itself was supported by ample evidence, but with that question we are not now concerned, since neither the weight of the evidence nor the refusal to grant a motion to acquit are assigned or specified for reversal.

The assignments and causes for reversal are identical and there are only two of them, both extracts from the charge.

The first is: "and those who were guilty of committing this offense on the witness Hoffman are guilty of the crime of atrocious assault and battery as charged in this indictment. So you need not give that any further consideration.

It is seen that that instruction assumed that if there was guilt at all it was of atrocious assault and battery. But we think, considering all the evidence, the question whether or not the defendant was guilty of atrocious assault and battery was for the jury under proper instructions as to the law. Such is the general rule. 4 *Am. Jur.* 186. True, the state's evidence was that pieces of iron pipe were used in the assault, but that use was a relevant fact as to guilt under the first count, and a general verdict (as here) means guilty on each count.

We think the question whether the use of such an instrument, and the question whether the injury inflicted (as to which there was but one witness) demonstrated guilt of simple assault and battery only, or guilt of atrocious assault and battery, were questions for the jury, to be decided upon a consideration of the evidence as to the character of the instrument used, the character of the injury inflicted, the credibility of the witnesses, and the weight to be accorded to their testimony.

In *State* v. *Pitman,* 119 *Atl. Rep.* (*N. J.*) 438, and in *State* v. *Lanto,* 98 *N. J. L.* 401; 121 *Atl. Rep.* 139 (carnal abuse cases), it was held that the age of the prosecutrix was a question of fact to be submitted to the jury, and that the

assumption by the judge as proved, that she was under sixteen years of age, required a reversal, although there was no contradictory testimony as to her age.

Moreover, our Court of Errors and Appeals has frequently held that in every case, where the issue depends upon the determination of facts the existence of which is not admitted, the jury, and not the court, must determine them. *Schmidt* v. *Marconi Wireless Tel. Co.*, 86 *N. J. L.* 183; 90 *Atl. Rep.* 1017; *Clark* v. *Public Service Electric Co.*, 86 *N. J. L.* 144; 91 *Atl. Rep.* 83; *State* v. *Karpowitz*, 98 *N. J. L.* 546; 120 *Atl. Rep.* 40. Here the essential facts were not admitted.

The application of these rules leads to a reversal, and it will not be necessary to comment upon the other point argued except to say that we incline to think it is without merit.

Accordingly the judgment under review will be reversed, and *venire de novo* awarded.