## CROWN CAPITAL CORPORATION, PLAINTIFF-APPELLANT, v. FRANK BRODERICK, DEFENDANT-APPELLEE.

Argued January 19, 1943—Decided May 27, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Sam J. Abraham.*

For the appellee, *William F. McCloskey.*

The opinion of the court was delivered by

PERSKIE, J. This is a suit upon a note. The question for decision is whether the judge who tried the case without a jury erred in entering a judgment in favor of the defendant.

The note in question was originally in the amount of $597.84, payable in equal successive monthly installments of $24.91 together with interest. It was signed by the defendant on July 23d, 1940, and was made payable to "Clinton Square Auto Supply Co. or order." The note bore the endorsement of the payee, another company, and was finally made payable by endorsement of the C. I. T. Corporation to the order of plaintiff. The amount allegedly due on the note was $316.30 plus interest and costs.

We learn from the state of case settled by the court that at the trial the vice-president of the holder of the note testified that his corporation had purchased the paper from the C. I. T. Corporation. This witness did not testify as to the amount due on the note. He did attempt to refer to "certain

paper-writings" to ascertain the amount due on the note, which information was not within his personal knowledge, but was denied the right to use these papers because they "were records of the C. I. T. Corporation and of correspondence between said corporation (*sic*) none of which are (*sic*) kept or made by or under the supervision of the witness." At the conclusion of such testimony as this witness did offer the plaintiff rested, and prevailed over defendant's motion for a nonsuit.

The defendant then testified that "nothing was due and owing by him" on the note which had been executed in connection with a conditional sales agreement for the purchase of certain equipment. The defendant further testified that after making four cash payments on the note, he returned the equipment covered by the conditional sales agreement in full satisfaction of the note. Despite "an understanding" that the note would be returned to him, defendant never did receive the note and the first notice of any kind thereafter received by him concerning the note was the instant suit.

After adducing this testimony the defendant rested. Plaintiff's attorney then stated orally that demand was made only for $316.30 plus interest and costs but there was no formal proof that this amount or any other sum was due. The judge then directed the entry of a judgment in favor of defendant on the ground that "plaintiff had not sustained the burden of proof * * *."

We think there was error. When the plaintiff produced the note in evidence it made out a *prima facie* case. It was not necessary to establish the amount due on the note for the burden of proof of payment rests with the defendant. *Trustees System Company of Newark* v. *Lisena,* 106 *N. J. L.* 549; 150 *Atl. Rep.* 373. Nor was it necessary in this case, as it was in those cases of which *Van Syckel* v. *Egg, Harbor Coal and Lumber Co.,* 109 *N. J. L.* 604; 162 *Atl. Rep.* 627; 85 *A. L. R.* 300, is typical, to prove the genuineness of the endorsements, because that issue was not raised and plaintiff is thus entitled to the benefit of the statute in such cases made and provided. *N. J. S. A.* 2:98-3. *Cf. Mechanics Trust Co.* v. *Halpern,* 116 *N. J. L.* 374; 184 *Atl. Rep.* 744.

Plaintiff below not only made out a *prima facie* case but also became entitled to the benefits conferred by that provision of our Negotiable Instrument Law which sets forth that "every holder is deemed *prima facie* to be a holder in due course." *N. J. S. A.* 7:2-59. It was incumbent upon the defendant to show that the instrument was not complete or regular on its face, or that plaintiff became the holder after the due date of the instrument and with notice of its having been dishonored, or that plaintiff took the instrument in bad faith without paying value, or finally that at the time of negotiation to it, plaintiff had notice of an infirmity in the instrument or a defect in the title of the person who negotiates it. See *N. J. S. A.* 7:2-52 and *Fidelity Union Trust Co.* v. *Decker Building Material Co.*, 106 *N. J. L.* 132; 148 *Atl. Rep.* 717; *Byron* v. *Byron, Hefferman & Co.*, 98 *N. J. L.* 127; 119 *Atl. Rep.* 12. Defendant proffered no such proof. Plaintiff is therefore to be considered a holder in due course and as such may, under the circumstances, enforce payment of the instrument for the amount sued, against defendant who is liable thereon.

It therefore follows that the trial judge erred in entering judgment in favor of the defendant.

The judgment will be reversed, and a *venire de novo* awarded. Costs to abide the event.