This is a motion for new trial in which the court is asked to set aside a verdict which, it is contended, exhibits a compromise on the fundamental issue of liability *Page 509 
and is hence the result of partiality, prejudice or mistake.Elvin v. Public Service Coordinated Transp., et al.,4 N.J. Super. 491.
Plaintiffs, representatives of the Estate of George H. Reiss, deceased, sued on three promissory notes totalling $1,100, of which their decedent was payee, and the defendant, maker. The due execution of the notes, on their dates (all in 1944), and delivery thereof to plaintiffs' testator, were admitted at pretrial conference and issue was joined as to payment thereof. At the trial, plaintiffs offered these notes in evidence and rested, relying on this proof of the obligation and the resulting presumptions as to validity and non-payment. Trustees SystemCompany, etc., v. Lisena, 106 N.J.L. 549. The defendant sought to testify that he had paid the notes, but was not permitted to do so, by virtue of N.J.R.S. 2:97-2, concerning transactions with a decedent. The defendant then offered another witness, a by-stander, who said that he had overheard a conversation between the maker and payee involving a demand for payment of the notes, and had later seen the maker pay the amount of the notes to the payee.
The issue as to payment went to the jury under instructions which bound the jury, if it found for the plaintiffs, to include in its verdict the face amount of the notes, together with interest at the legal rate from the due dates thereof. Because of the age of the notes, this interest would have amounted to a considerable sum.
The jury returned a verdict for $1,100 in favor of the plaintiffs, but specifically recommended "that no interest be paid." This verdict was in violation of the charge of the court relating to interest. In this respect it differs in implication both from those cases in which a jury fails by inadvertence to speak as to interest and those in which it awards interest but does not compute the amount thereof. The court, under recognized rules, cannot mould this verdict to make it include interest which the jury intended should not be included. Kilgus v. WayneCo., 85 N.J.L. 351.
On this motion, plaintiffs view the verdict as inadequate merely; and offer to waive the amount of the inadequacy. *Page 510 
It is clearly the law, however, that where a case exhibits a compromise verdict on the fundamental issue of liability, the error taints the whole verdict, and a new trial of the entire issue is required. Juliano v. Abeles, et al., 114 N.J.L. 510;Elvin v. Public Service, etc., supra.
It seems clear to me that the instant verdict falls into this category, and I must, therefore, set it aside, granting a new trial as to all issues. An order will be entered accordingly. *Page 511